NO. 07-01-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 29, 2001

_____

MICHAEL J. HERALD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 99-463094; HONORABLE L. B. RUSTY LADD, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Michael J. Herald appeals from a judgment revoking his community supervision and sentencing him to 20 days incarceration. He asserts that the trial court erred in revoking his community supervision. He claims that the State may have proved he was driving outside the restrictions on his occupational license, but that no evidence supported the finding which was charged: driving while his license was suspended. We affirm.

BACKGROUND

On January 8, 1999, appellant was charged with the offense of possession of marijuana of not more than two ounces, a Class B misdemeanor. He pled guilty and punishment was set at 30 days in the county jail and a fine of $250. Imposition of confinement was suspended and appellant was placed on community supervision for six months. Among the conditions of supervision was the condition that appellant commit no offense against the laws of the State of Texas. As a result of the conviction the court also suspended appellant's driver's license.

On October 2, 2000, appellant obtained an occupational license allowing him to operate a motor vehicle during specific hours and on specific days. See TEX. TRANSP. CODE ANN. § 521.241, *et seq.* (Vernon Supp. 2001).[1] On Saturday, December 16, 2000, at approximately 2:45 a.m., appellant was stopped for speeding. His occupational license did not authorize him to drive after 1:00 a.m. or to operate a vehicle on Saturday.

On January 18, 2001, the State filed an Application to Revoke Community Supervision alleging that appellant committed an offense by driving while his license was suspended. See Section 521.457. On May 17, 2001, a hearing was held and appellant's community supervision was revoked. Appellant was sentenced to 20 days in the Lubbock County Jail.

---

[1]Further reference to the Transportation Code will be by reference to "Section_."

By one issue appellant challenges the revocation of his community supervision. His issue, in substance, urges that the State's motion alleged that he was driving while his license was suspended, but the State proved that he was driving outside the hours he was permitted to drive by his occupational license. He asserts that the trial court abused its discretion in finding the evidence to be sufficient to revoke his community supervision because, although the State may have proved that appellant was in violation of the restrictions on his occupational license, there was no evidence that he was driving while his license was suspended.

The State asserts that the granting of an occupational license did not "un-suspend" appellant's regular license. Therefore, appellant was driving while his license was suspended, in violation of Section 521.457. We agree with the State.

LAW

The standard by which an order revoking community supervision is reviewed on appeal is abuse of discretion. See Naquin v. State, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.--Waco 1996, pet. ref'd).

In a proceeding to revoke probation the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of probation as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.

3

1993). In determining the sufficiency of the evidence to sustain a probation revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

ANALYSIS

Section 521.248(c) provides that the court order granting an occupational license remains valid *until the end of the period of the suspension of the person's regular driver's license* (emphasis added). Although the provisions allowing an occupational license to be granted reference suspension of a regular license, the occupational license provisions do not preclude a charge for violation of law as provided for by Section 521.457. Section 521.457(a)(2) provides that a person commits an offense if the person operates a motor vehicle on a highway during a period that the person's driver's license is suspended as set out in the statute.

Section 521.253 dealing with occupational driver's licenses provides penalties for a person who operates a motor vehicle in violation of a restriction imposed on his or her occupational license. Section 521.253 provides for revocation of the occupational license and the court order granting the license upon conviction of an offense under the section.

Because the State could have charged appellant with operating a vehicle outside the times allowed by his occupational license, however, does not mean that appellant could not also have been charged with operating a vehicle during a period of time when

4

his regular license was suspended and during which he was not within the restrictions on his occupational license.

When the revocation hearing began, appellant announced ready. He testified that his regular license was suspended at 2:45 a.m. on Saturday, December 16, 2000, which was what the State alleged. He also admitted that he was outside the time frame during which his occupational license permitted him to drive. The transcript of the hearing shows that appellant was not surprised with the charge against him, the facts proved by the State, or any of the State's witnesses. Appellant testified and called his mother as a witness. He made cogent and persuasive arguments as to why his probation should not be revoked. He does not reference any evidence that he was prevented from presenting because he was misled by the alleged variance in the State's pleadings and proof. He did not file a motion to quash the Motion to Revoke for lack of notice. See Gordon v. State, 575 S.W.2d 529, 531 (Tex.Crim.App. 1978). He had adequate notice of the basis for the State's attempt to revoke his probation. See Labelle v. State, 720 S.W.2d 101, 108 (Tex.Crim.App. 1986).

Appellant's testimony was some evidence to support the trial court's finding that appellant violated a law of the State of Texas by operating a motor vehicle during a period when his license was suspended. Thus, the trial court did not abuse its discretion in finding that appellant violated the terms of his probation. See Jones, 589 S.W.2d at 421; Brumbalow, 933 S.W.2d at 300.

We overrule appellant's sole issue.  The judgment of the trial court is affirmed.


Phil Johnson
Justice

Publish.