COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

RUSTIN LEE
FOWLER,                                      )                    No. 
08-01-00408-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                 County Court at Law No. 2

                                                                              )

THE STATE OF TEXAS,                                     )                    of Collin County, Texas

                                                                              )

Appellee.                           )                       (TC# 002-86207-00)

 

 

O
P I N I O N

 

Rustin Lee Fowler appeals from his conviction for the
offense of driving while license suspended. 
Following a bench trial, the court found Appellant guilty and  assessed his
punishment at a fine of $300 and confinement in the county jail for ninety
days.  We affirm.

FACTUAL SUMMARY








On
October 6, 2000 at approximately 9:30 p.m., Officer James Forsythe of the Plano
Police Department observed Appellant commit a traffic offense by failing to
signal a lane change.  Forsythe stopped
the vehicle and soon discovered that Appellant=s
driver=s license
had been suspended from May 17, 2000 through November 12, 2000 as the result of
his conviction for a drug offense in Williamson County.  Additionally, Appellant=s license had been suspended from May
22, 2000 through May 21, 2001 as the result of a driving while intoxicated
conviction and conviction for a Controlled Substance Act offense, both out of
Dallas County.[1]  All three of these offenses were committed
when Appellant was younger than twenty-one years of age.  Appellant did not inform Forsythe that he had
an occupational driver=s
license and the officers did not find such a license in the vehicle.  Forsythe placed Appellant under arrest and
secured him in the patrol car.  Another
officer, Mark Speaker, conducted a search incident to arrest and found a baggie
of marihuana hidden inside of a cup.  The
cup, which contained saliva and tobacco juice, was inside of a cupholder in the center console of the vehicle and within
Appellant=s
reach.  A smaller cup had been placed
inside of the first cup in an effort to conceal the marihuana.  After seizing the evidence, the officers, at
Appellant=s
request, released the vehicle to the lone passenger in Appellant=s vehicle.  








The
State charged Appellant with driving while license suspended and possession of
marihuana.  At trial, the evidence showed
that the county court of Denton County signed a written order on September 28,
2000, granting Appellant an occupational driver=s
license.  The order restricted Appellant
to operating his motor vehicle between his residence in Carrollton and his
place of employment in Dallas, a community college in Plano, and AA
meetings.  Typical of an occupational
license, the order required Appellant to take the most direct route to each of
these locations and he was allowed to drive no more than four hours per
day.  The county court also ordered
Appellant to have an interlock device placed on his vehicle immediately and
prohibited him from operating any motor vehicle without such a device.  The occupational license is also subject to
the requirement that Appellant maintain a logbook documenting the date, time,
destination location, mileage, and purpose of each trip.  It is undisputed that Appellant did not have
the interlock device on his vehicle nor had he kept the logbook as ordered by
the court.  The trial court found
Appellant guilty of both driving while license suspended and possession of
marihuana.[2]

LEGAL SUFFICIENCY

In
his sole point of error, Appellant challenges the legal sufficiency of the
evidence to support his conviction for driving while license suspended in
violation of Section 521.342 of the Texas Transportation Code.[3]  Appellant argues that since he had an
occupational driver=s
license, he may be prosecuted under Section 521.253 of the Transportation Code
for failing to comply with the occupational driver=s
license order, but the State cannot prosecute him under Section 521.347.

Standard of Review








In
reviewing the legal sufficiency of the evidence to support a criminal
conviction, we must review all the evidence, both State and defense, in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). 
This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony,
to weigh the evidence, and to draw reasonable inferences from basic to ultimate
facts.  Jackson, 443 U.S. at 319,
99 S.Ct. at 2789, 61 L.Ed.2d at 573.  We do not resolve any conflict of fact or
assign credibility to the witnesses, as it was the function of the trier of fact to do so. 
See Adelman v. State, 828 S.W.2d 418,
421 (Tex.Crim.App. 1992); Matson v. State, 819
S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is only to determine if
both the explicit and implicit findings of the trier
of fact are rational by viewing all of the evidence admitted at trial in a
light most favorable to the verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson, 819 S.W.2d at 843.  Further, the standard of review is the same
for both direct evidence and circumstantial evidence cases.  Geesa, 820 S.W.2d at 158.

Occupational Driver=s
License

Pursuant
to Section 521.242 of the Transportation Code, a person whose license has been
suspended may apply for an occupational license by following the procedures
outlined in this section.  Tex.Transp.Code Ann. ' 521.242 (Vernon Supp. 2002).  The applicant must plead and prove essential
need for the occupational license.  Tex.Transp.Code Ann. '' 521.242, 521.244 (Vernon 1999
and Vernon Supp. 2002).  Once it
has been determined that essential need has been established and the other
requirements for granting an occupational license have been met, the court must
issue an order granting the occupational license.  Tex.Transp.Code
Ann. '
521.244.  The order must specify the
hours of the day and days of the week during which the person may operate a
motor vehicle, the reasons for which the person may operate a motor vehicle,
and the areas or routes of travel permitted. 
Tex.Transp.Code Ann. '
521.248.  The court may impose several
additional restrictions.  These include
requiring attendance of a program designed to provide counseling and
rehabilitation services for alcohol dependence, Tex.Transp.Code Ann. '
521.245, and restricting the person to the operation of a motor vehicle
equipped with an ignition interlock device. 
Tex.Transp.Code Ann. '
521.246.  Appellant=s occupational license contains both of
these additional restrictions.








Elements of Driving While License Suspended

A
person commits an offense if the person operates a motor vehicle on a highway
during a period that the person=s
driver=s license
or privilege is suspended or revoked under Chapters 521, 524, and 724 of the
Transportation Code, or Article 42.12 of the Code of Criminal Procedure.  Tex.Transp.Code
Ann. '
521.457(a)(2). 
The information alleged that Appellant committed an offense by driving
while his license had been suspended pursuant to Sections 521.342, 521.372,
521.374, 601.341, and 601.056.  The trial
court found Appellant guilty at the conclusion of trial without specifying the
particular sections violated, but in the judgment, the court indicated that it
found Appellant guilty of driving while his license was suspended pursuant to
Section 521.342 of the Texas Transportation Code.  This section provides that:

(a)  Except as provided by Section 521.344, the
license of a person who was under 21 years of age at the time of the offense,
other than an offense classified as a misdemeanor punishable by fine only, is
automatically suspended on conviction of:

 

(1)  an offense under
Section 49.04 or 49.07, Penal Code, committed as a result of the introduction
of alcohol into the body;

 

(2)  an offense under the Alcoholic Beverage Code,
other than an offense to which Section 106.071 of that code applies, involving
the manufacture, delivery, possession, transportation, or use of an alcoholic
beverage;

 

(3)  a misdemeanor offense under Chapter 481,
Health and Safety Code, for which Subchapter P does not require the automatic
suspension of the license;

 

(4)  an offense under
Chapter 483, Health and Safety Code, involving the manufacture, delivery,
possession, transportation, or use of a dangerous drug; or

 

(5)  an offense under
Chapter 484, Health and Safety Code, involving the manufacture, delivery,
possession, transportation, or use of a volatile chemical.

 

Tex.Transp.Code Ann. ' 521.342(a).








Section
521.253 provides that a person who holds an occupational license commits an
offense if the person operates a motor vehicle in violation of a restriction
imposed on the license or fails to have in the person=s
possession a certified copy of the court order as required under
Section 521.250.  Tex.Transp.Code Ann. ' 521.253(a).

Prosecution of Appellant Under
Section 521.457

Appellant
argues that since he had an occupational driver=s
license, he may be prosecuted under Section 521.253 of the Transportation Code
for failing to comply with the occupational driver=s
license order, but the State cannot prosecute him under Section 521.457 for
driving with license suspended.  The
Amarillo Court of Appeals addressed this same argument in a case involving
similar facts.  See Herald v. State,
67 S.W.3d 292 (Tex.App.--Amarillo
2001, no pet.).  Herald=s license was suspended as the result
of a drug offense but he subsequently obtained an occupational license.  A police officer stopped Herald for speeding
at 1 a.m. on a Saturday, a time not authorized by his occupational license for
his operation of a motor vehicle.  This
offense was used by the State as a basis to revoke an order granting community
supervision to Herald in another case. 
Herald argued that he could not be prosecuted for driving while license
suspended since he had an occupational license, but could only be prosecuted
for violating the conditions of his occupational license.  The court of appeals determined that Section
521.457 does not preclude prosecution of a person with an occupational license
where the regular license has been suspended and the person operated the
vehicle outside of the restrictions imposed by the occupational license.  Herald, 67 S.W.3d at
293.  We agree with the court of
appeals but add the following analysis.








The
granting of an occupational license does not have the effect of reinstating a
person=s regular
license.  An occupational license is a
separate and restrictive license granted only in exceptional
circumstances.  In other words, it
provides a limited exception to the suspension, but otherwise the suspension
remains in effect.  It follows that if a
person operates a motor vehicle outside of the restrictions imposed in the
occupational license, he may be prosecuted for driving while his license is
suspended.  It is undisputed that
Appellant=s
operation of the motor vehicle in this case was not authorized by his
occupational license.[4]  Therefore, the State proved beyond a reasonable
doubt that Appellant drove while his license was suspended.  We overrule Point of Error No. Three and
affirm the judgment of the trial court.

 

 

July 25, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  Appellant=s license had also been suspended for other reasons
not set in the opinion.





[2]  Appellant was
charged with possession of marihuana in cause number 002-86208-00.  Appellant has also appealed that conviction
which we have decided by separate unpublished opinion in Fowler v. State,
No. 08-00-00409-CR (Tex.App.--El Paso, July 25, 2002,
no pet. h.).





[3]  The point of
error addressed in this opinion is denominated by Appellant as Point of Error
No. Three. 
Appellant filed a single brief which consists of points of error
pertinent to the individual appeals.  The
other two points of error are irrelevant to this appeal and will not be
addressed here.





[4]  In its brief,
the State questions the validity of the order granting Appellant=s occupational license signed by the Denton County
Court on September 28, 2000 since Appellant=s
driving record shows that an occupational license was issued on October 31,
2000.  The trial court is required to
send to the Department of Public Safety a certified copy of the petition and
the court order granting the occupational license.  Tex.Transp.Code Ann. ' 521.249(a).  A person who has been granted an
occupation license may use a copy of the written order as a restricted license
until the thirty-first day after the date on which the order takes effect.  Id. 
After DPS receives the copy, it issues an occupational license to the
person.  Tex.Transp.Code Ann. ' 521.249(b).  The record reflects that the occupational
license issued by DPS on October 31, 2000, is based upon the September 28, 2000
order.