NO. 07-04-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 4, 2005

_____


DAVE EVERETT SIMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. 3227; HON. DAVID M. MCCOY, PRESIDING

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Dave Everett Sims (appellant) appeals his revocation of probation for driving while intoxicated. Via a single issue, appellant contends the trial court abused its discretion because the State failed to prove by a preponderance of the evidence that he violated a condition of his probation. We affirm.

Appellant was placed on five years probation for driving while intoxicated. One of his conditions of probation was to "abstain from the consumption of alcohol in any form and at any time." On April 14, 2004, the Donley County Sheriff went to appellant's residence to arrest him pursuant to an arrest warrant from Randall County, Texas. Once appellant answered the door, the sheriff "smell[ed] beer on his person." Furthermore, the sheriff was of the opinion that appellant "was intoxicated." The arrest was made, and appellant was asked whether he had been drinking. He responded that he had "had a few." A motion to revoke was filed the next day, and a hearing was held on it.

At the hearing, appellant's probation officer testified that appellant was the same person placed on probation in cause number 3227 and that the officer had explained all of the conditions of probation to appellant. Furthermore, appellant indicated that he understood the conditions including the condition forbidding him from consuming alcoholic beverages. The sheriff testified that in addition to the smell of alcohol on appellant's person, 1) there were beer cans in a trash can on the front porch of appellant's residence, 2) upon questioning appellant about suffering "alcohol withdrawals," appellant responded that he had only a few, 3) appellant had slurred speech and swayed when he walked, and 4) appellant "was drunk." Upon cross-examination, the sheriff admitted he did not know when someone drank the beers in the trash nor if appellant possessed beer in the house. Nor did he administer blood alcohol tests or intoxilyzer tests to appellant. Furthermore, counsel questioned the sheriff regarding "O'Dools" [sic] which, according to the record, is a non-alcoholic beverage that smells like alcohol. At the end of the hearing, the trial court found appellant had violated his probation by consuming alcohol.

2

In a proceeding to revoke probation the burden of proof is on the State to show by a preponderance of the evidence that the probationer violated a condition of probation as alleged in the motion to revoke. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of any one of the alleged violations is enough to support an order to revoke. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975). Furthermore, the standard by which an order revoking probation is reviewed on appeal is abuse of discretion. *See Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980); *Lloyd v. State,* 574 S.W.2d 159, 160 (Tex. Crim. App. 1978).

When the standard of review is one of abused discretion, the record must simply contain some evidence to support the decision made by the trial court. *See Herald v. State*, 67 S.W.3d 292, 293 (Tex. App.--Amarillo 2001, no pet.); *Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex. App.--Waco 1996, pet. ref'd). And, in determining the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

Appellant contends that his statement that he had "had a few" did not mean that he had been drinking alcoholic beverages and because the officer did not see a beer in his hand or nearby, the State failed to show that he had been drinking beer. However, in viewing the evidence in the light most favorable to the trial court's order, the evidence showed that appellant understood that he was prohibited from consuming alcoholic beverages as a condition of his probation. Furthermore, based upon the sheriff's experience, appellant exhibited the signs of someone who was intoxicated and, according to the sheriff, had appellant been stopped driving a vehicle, he would have been arrested

3

for driving while intoxicated.  Therefore, the trial court could conclude by the preponderance of the evidence that appellant violated the conditions of his probation by consuming alcoholic beverages.  *See Kaylor v. State,* 9 S.W3d 205 (Tex. App.--San Antonio 1999, no pet.)

Accordingly, we affirm the judgment of the trial court.


Per Curiam

Do not publish.