NO. 07-04-0552-CR


 07-04-0553-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 19, 2005



______________________________


 

RONALD DALE LEDBETTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13321-9902, B14090-0106; HONORABLE ED SELF, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Ronald Dale Ledbetter appeals from two judgments revoking his
community supervision and sentencing him to incarceration. (1) We will affirm.

 On June 18, 1999, appellant plead guilty to the offense of possession of a controlled
substance in an amount of less than one gram. The court sentenced him to two years in
prison probated for a term of five years and a $1,000 fine. The State filed a Motion to
Revoke Community Supervision on July 12, 2001 based, in part, on the offense of
tampering with evidence. On August 24, 2001, appellant entered a plea of true to the
allegations in the Motion to Revoke Community Supervision. The trial court then continued
him on community supervision subject to an additional fine, a two-year extension, and the
completion of the Substance Abuse Felony Punishment Facility ("SAFPF") program. 
Appellant was ordered to complete 400 hours of community service in the drug case which
remained in effect upon his community supervision being continued.

 On August 24, 2001, appellant also plead guilty to the offense of tampering with
evidence. The court sentenced him to two years confinement suspended for five years
community supervision, a $1,000 fine, and the completion of the SAFPF program. 
Appellant was ordered to complete an additional 400 hours of community service after his
release from SAFPF in the tampering case.

 On July 21, 2004, the State filed a Motion to Revoke Community Supervision in both
the drug case and the tampering case. In its Motions, the State alleged the following
violations of the terms of appellant's community supervision: (1) appellant failed to avoid
controlled substances, specifically (a) on or about June 3, 2004, appellant tested positive
for amphetamines, (b) on or about May 19, 2004, appellant used marijuana and
amphetamines, (c) on or about May 20, 2004, appellant tested positive for marijuana and
amphetamines, and (d) the defendant used amphetamines on May 14 and May 15, 2004;
(2) appellant associated with a person with a criminal record on June 16, 2004; (3)
appellant failed to pay his fine and court costs, and (4) in the drug case, appellant failed
to complete his community service hours. 

 The trial court held a consolidated hearing on the Motions to Revoke on November
12, 2004, and appellant plead not true to the allegations in the State's Motions to Revoke. 
The trial court found appellant had violated the terms of his community supervision as
alleged in paragraphs one, three and four in the drug case and one and three in the
tampering case. In other words, the trial court found appellant had failed to avoid
controlled substances, failed to pay fees and costs, and failed to complete his community
service hours. The trial court revoked appellant's community supervision and sentenced
appellant to two years confinement in the State Jail Division in each case.

 Appellant raises the following two issues on appeal: (1) the trial court abused its
discretion by finding that appellant used controlled substances and intentionally failed to
make payments as required and (2) the term and condition of probation requiring appellant
to perform community supervision was in violation of Texas Code of Criminal Procedure
article 42.12, section 16(a)(3) and was, therefore, void. 

 In a proceeding to revoke probation, the burden of proof is on the State to show by
a preponderance of the evidence that the probationer violated a condition of probation as
alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.
1993). Proof of any one of the alleged violations is enough to support an order to revoke. 
Moses v. State, 590 S.W.2d 223, 224 (Tex.Crim.App. 1979); Gobell v. State, 528 S.W.2d
583, 586 (Tex.Crim.App. 1975). The standard by which an order revoking probation is
reviewed on appeal is abuse of discretion. Naquin v. State, 607 S.W.2d 583, 586
(Tex.Crim.App. 1980); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978).

 When the standard of review is abuse of discretion, the record must simply contain
some evidence to support the decision made by the trial court. Herald v. State, 67 S.W.3d
292, 293 (Tex.App.-Amarillo 2001, no pet.); Becker v. State, 33 S.W.3d 64, 66-7
(Tex.App.-El Paso 2000, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300
(Tex.App.-Waco 1996, pet. ref'd). In determining the sufficiency of the evidence, we view
the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589
S.W.2d 419, 421 (Tex.Crim.App. 1979).

 When questioned by the State at the November 12, 2004 revocation hearing,
appellant's community supervision officer, Marty Mejorado, testified as follows:

 Q. Was the defendant ordered to avoid the use of-avoid injurious and
vicious habits of any nature, including the use of alcohol, narcotics,
controlled substances, harmful drugs, glue, paint, any other chemical
which might cause intoxication?

 
 Yes, sir.
 


 Q. Has the defendant avoided those as he was ordered to do?

 A. No, sir.

 Q. In what way has he failed to do that?

 A. When I spoke to Mr. Ledbetter at an office visit on May 20th of 2004,
a routine office visit, I asked him if he had used any drugs or alcohol. 
He stated he hadn't. I went to get a urinalysis cup for testing, and at
that time he advised me that he had used marijuana and
methamphetamines.

 Q. Did you test him for the presence of those substances?

 A. Yes, sir.

 Q. What were the results of that test?

 [Objection by counsel sustained by trial court]

 Q. The defendant did admit to the use of what?

 A. Marijuana and methamphetamines.


Appellant argues this testimony is insufficient to support the trial court's findings "because
no evidence regarding urinalysis was ever submitted to the trial court" and because "the
State failed to introduce evidence showing that Appellant's drug use took place on or about
the dates alleged, or even that the drug use took place during the probationary period." 
We disagree. 

 Mejorado's testimony that appellant's May 20, 2004 admission of drug use came on
the heels of her retrieval of the urinalysis cup is some evidence that the drug use to which
he admitted was sufficiently recent to have been revealed by urinalysis and, therefore,
would have fallen within the period of community supervision. (2) Herald, 67 S.W.3d at 293;
Becker, 33 S.W.3d at 66-7; Brumbalow, 933 S.W.2d at 300. Viewing the evidence in the
light most favorable to the trial court's order, we find the testimony of the community
supervision officer sufficiently established appellant violated one of the terms of his
community supervision. Jones, 589 S.W.2d at 421. Because the State is required to
prove only one ground to prevail on its Motions to Revoke, we need not address
appellant's issues regarding the other alleged violations. Sanchez v. State, 603 S.W.2d
869, 871 (Tex.Crim.App. 1980). We hold the trial court did not abuse its discretion by
revoking appellant's community supervision and affirm the judgment of the trial court. 
Naquin, 607 S.W.2d at 586.

 

 James T. Campbell

 Justice






Do not publish.

 


 
1. 
 --- " " 
 
--- " " 
 
 
2. ' 
' 
 " 
 
 " 
 -