NO. 07-06-0211-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 5, 2006


______________________________



ERSKINE L.T. ALLEN, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 22, 580; HON. CECIL PURYEAR, PRESIDING


_______________________________



Abatement and Remand


_______________________________



Before QUINN, C.J., and, REAVIS and CAMPBELL, JJ.

 Erskine L.T. Allen, Jr. (appellant), acting pro se, perfected an appeal from the trial
court's denial of his motion for DNA testing. In perfecting the appeal, he also requested
that counsel be appointed to represent him. None was appointed. Yet, at the time
appellant moved for testing, he was entitled to appointed counsel upon proof of indigency. 
See Spruce v. State, 06-05-00077-CR, 2005 Tex. App. Lexis 6548 (Tex. App.-Texarkana
August 17, 2005) (explaining the status of the law); Gray v. State, 69 S.W.3d 835, 837
(Tex. App.--Waco 2002, no pet.) (requiring appointment). (1) Consequently, we abate the
appeal and remand the cause to the 137th District Court of Lubbock County (trial court) for
further proceedings. Upon remand, the trial court shall immediately cause notice of a
hearing to be given and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal; and

 

 2. whether appellant is indigent.

 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue his appeal, is indigent, and has no counsel, then we further direct it to appoint
counsel to assist in the prosecution of the appeal. The name, address, phone number,
telefax number, and state bar number of the new counsel, if any, who will represent
appellant on appeal must also be included in the court's findings of fact and conclusions
of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental
clerk's record containing the findings of fact and conclusions of law and 2) a reporter's
record transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerk's record to be filed with the
clerk of this court on or before October 2, 2006. Should additional time be needed to
perform these tasks, the trial court may request same on or before October 2, 2006.

 It is so ordered.

 Per Curiam

Do not publish. 
1. Since then, the law has changed and one requesting appointed counsel must clear other hurdles. 
Those hurdles are explained in art. 64.01(c) of the Texas Code of Criminal Procedure and Spruce v.
State, 06-05-00077-CR, 2005 Tex. App. Lexis 6548 (Tex. App.-Texarkana August 17, 2005).



irected verdict because there was no evidence of the order
imposing conditions of probation on him. We affirm the trial court’s judgment. 
          Law and Its Application
          The State bears the burden of proving by a preponderance of the evidence that
appellant violated a condition of his probation. Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993); Herald v. State, 67 S.W.3d 292, 293 (Tex. App.–Amarillo 2001, no pet.). 
Furthermore, we review the trial court’s decision to revoke probation for abuse of
discretion; under that standard there need be some evidence of record to support the
decision. Herald v. State, 67 S.W.3d at 293. And, in determining whether such evidence
exists, the record is viewed in the light most favorable to the ruling. Id. Moreover, when
the trial court founds its decision to revoke on several grounds, the appellant must illustrate
why none are legitimate. This is so because any one ground may support revocation.
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).
          As previously mentioned, appellant violated several conditions of his probation. One
involved his avoidance of people or places of a harmful or disreputable character, as
testified to by his probation officer. That very same officer testified to appellant smelling
of marijuana on his person after leaving a residence and appellant admitting that others
present in the house were smoking that particular contraband in that house. Given this
evidence, we conclude that there was some evidence of record supporting the conclusion
that appellant violated the aforementioned condition and that the trial court did not abuse
its discretion in revoking probation See Kelly v. State, 483 S.W.2d 467, 470 (Tex. Crim.
App. 1972) (concluding that a locale whereat marijuana is smoked is a “harmful place” for
purposes of determining whether that condition of probation was violated). 
          Finally, appellant complains that there was no evidence admitted at the hearing as
to the terms or conditions of his probation. Yet, his probation officer testified to the
condition being in place, and appellant did not assert that it was not the best evidence of
the matter. And, as long as the judgment and order of probation appear in the record on
appeal, as they do here, the State is not required to introduce them into evidence. Cobb
v. State, 851 S.W.2d at 874.  
          Accordingly, we overrule all issues and affirm the judgment. 
 
                                                                           Brian Quinn
                                                                          Chief Justice
 
Do not publish.