NO. 07-07-0255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008
_____

GENTRY SEYMON JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,852; HON. DAN MIKE BIRD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Gentry Seymon Johnson was convicted of robbery and placed on community supervision for ten years. The State then sought to revoke his probation and, after a hearing, the trial court did so. Appellant appeals that revocation by contending the trial court abused its discretion in finding he had violated two terms of his probation and by denying his request for a directed verdict because there was no evidence of the order imposing conditions of probation on him. We affirm the trial court's judgment.

***Law and Its Application***

The State bears the burden of proving by a preponderance of the evidence that appellant violated a condition of his probation. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Herald v. State,* 67 S.W.3d 292, 293 (Tex. App.–Amarillo 2001, no pet.). Furthermore, we review the trial court's decision to revoke probation for abuse of discretion; under that standard there need be some evidence of record to support the decision. *Herald v. State,* 67 S.W.3d at 293. And, in determining whether such evidence exists, the record is viewed in the light most favorable to the ruling. *Id.* Moreover, when the trial court founds its decision to revoke on several grounds, the appellant must illustrate why none are legitimate. This is so because any one ground may support revocation. *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

As previously mentioned, appellant violated several conditions of his probation. One involved his avoidance of people or places of a harmful or disreputable character, as testified to by his probation officer. That very same officer testified to appellant smelling of marijuana on his person after leaving a residence and appellant admitting that others present in the house were smoking that particular contraband in that house. Given this evidence, we conclude that there was some evidence of record supporting the conclusion that appellant violated the aforementioned condition and that the trial court did not abuse its discretion in revoking probation *See Kelly v. State,* 483 S.W.2d 467, 470 (Tex. Crim. App. 1972) (concluding that a locale whereat marijuana is smoked is a "harmful place" for purposes of determining whether that condition of probation was violated).

Finally, appellant complains that there was no evidence admitted at the hearing as to the terms or conditions of his probation.  Yet, his probation officer testified to the condition being in place, and appellant did not assert that it was not the best evidence of the matter.  And, as long as the judgment and order of probation appear in the record on appeal, as they do here, the State is not required to introduce them into evidence.  *Cobb v. State,* 851 S.W.2d at 874.

Accordingly, we overrule all issues and affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.

3