NO. 07-07-0255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008

______________________________

GENTRY SEYMON JOHNSON, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 46
TH
 DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,852; HON. DAN MIKE BIRD, PRESIDING

_______________________________

                                             
       Memorandum Opinion

                                         
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Gentry Seymon Johnson was convicted of robbery and placed on community supervision for ten years.  The State then sought to revoke his probation and, after a hearing, the trial court did so.  Appellant appeals that revocation by contending the trial court abused its discretion in finding he had violated two terms of his probation and by denying his request for a directed verdict because there was no evidence of the order imposing conditions of probation on him.  We affirm the trial court’s judgment. 

Law and Its Application

The State bears the burden of proving by a preponderance of the evidence that appellant violated a condition of his probation.  
Cobb v. State, 
851 S.W.2d 871, 873 (Tex. Crim. App. 1993); 
Herald v. State, 
67 S.W.3d 292, 293 (Tex. App.
–
Amarillo 2001, no pet.).  Furthermore, we review the trial court’s decision to revoke probation for abuse of discretion; under that standard there need be some evidence of record to support the decision.  
Herald v. State, 
67 S.W.3d at 293.  And, in determining whether such evidence exists, the record is viewed in the light most favorable to the ruling.  
Id.  
Moreover, when the trial court founds its decision to revoke on several grounds, the appellant must illustrate why none are legitimate.  This is so because any one ground may support revocation. 
Moore v. State, 
605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

As previously mentioned, appellant violated several conditions of his probation.  One involved his avoidance of people or places of a harmful or disreputable character, as testified to by his probation officer.  That very same officer testified to appellant  smelling of marijuana on his person after leaving a residence and appellant admitting that others present in the house were smoking that particular contraband in that house.  Given this evidence, 
we conclude that there was some evidence of record supporting the conclusion that appellant violated the aforementioned condition and that the trial court did not abuse its discretion in revoking probation  
See Kelly v. State, 
483 S.W.2d 467, 470 (Tex. Crim. App. 1972) (concluding that a locale whereat marijuana is smoked is a “harmful place” for purposes of determining whether that condition of probation was violated).   
  

Finally, appellant complains that there was no evidence admitted at the hearing as to the terms or conditions of his probation.  Yet, his probation officer testified to the condition being in place, and appellant did not assert that it was not the best evidence of the matter.  And, as long as the judgment and order of probation appear in the record on appeal, as they do here, the State is not required to introduce them into evidence.  
Cobb v. State, 
851 S.W.2d at 874.   

Accordingly, we overrule all issues and affirm the judgment.  

Brian Quinn

          Chief Justice

Do not publish.  æÆ:DefinitionßTåÆ<AAæÆ:DefinitionßL

åÆ8ææÅ6Definition
åÆ(''æÆ&H1
åÆ(üüæÆ&H2
åÆ(üüæÆ&H3
åÆ(üüæÆ&H4
åÆ(üüæÆ&H5
åÆ(üüæÆ&H6
åÆ2æææÆ0Address
åÆ8MMæÆ6Blockquote

åÆ,ææÅ*CITE
åÆ,dlÅ*CODE
åÆ4ææÅ2Emphasis
åÆ6íÉÅ4Hyperlink
åÆ<íÉÅ:FollowedHype
åÆ4goÅ2Keyboard
åÆ<æÆ:Preformatted
åÆ<æÆ:zBottomßofß

&ÆúçÅÃÆÆdÃÆdå@)ÄÅ1ùÆdxd'ÆùdxdåÆ<æÆ:zTopßofßFor

å@)ÄÅ2ùàdxdåÆ0KSÅ.Sample
åÆ0ææÅ.Strong
åÆ8dlÅ6Typewriter
åÆ4ææÅ2Variable
åÆ:ØÇÅ8HTMLßMarkup
åÆ2ãÅ0CommentàöÖüÜúùß!ß35;AGMSY_11.1.1.1.1.1.1.1.<Ñ6ÉXáå9`(ÑñúCourierßNewÖö\êöâèâ`õèñ&TimesßNewßRoman%Ö2ñáøA`ñÉñêArialà3#Õåæåæå37=CIQYag1.a.i.(1)(a)(i)1)a)ÅOæi)åâÅåãP
 NO. 07-05-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 18, 2006

______________________________

DENNIS WAYNE OVERTON, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY;

NO.  9478; HON. RALPH H. WALTON, JR., PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Dennis Wayne Overton (appellant) appeals his conviction for aggravated sexual assault of a child.  Via three issues, he challenges the sufficiency of the evidence to support his conviction and the effectiveness of his trial counsel.  We overrule each and affirm the judgment.  

Issues One and Two – Sufficiency of the Evidence

Appellant questions the legal and factual sufficiency of the evidence supporting his conviction through his first two issues.  He posits that the live testimony received by the trial court
 was not enough to establish his guilt.  Yet, in addition to that testimony, the trial court also had before it appellant’s plea of guilty as well as his judicial confession.  And, through the latter he admitted that he read the indictment and “committed each and every allegation it contains . . . .”  

A judicial confession admitting the veracity of the allegations in an indictment suffices to establish guilt.  
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g) (holding that a judicial confession alone is sufficient to support a guilty plea).  Furthermore, appellant says nothing of his judicial confession in proffering his argument to us.  This omission is rather interesting since the trial court expressly admonished him that the confession alone would suffice to prove guilt, and appellant responded that he understood the admonition.  Given the written judicial confession executed by appellant, we reject his first two issues.

Issue Three – Effectiveness of Counsel

In his last issue, appellant contends that his trial counsel was ineffective.  This is so because 1) counsel purportedly failed to fully disclose and explain the factual evidence against him and 2) his plea was involuntary.  Regarding the former, appellant cites us to no evidence of record supporting the allegation.  Instead, the passage to which he does cite discloses that he and his trial attorney spoke at length regarding his plea of guilty and the concomitant loss of rights.  Furthermore, our own review of the record failed to uncover evidence of the purported deficiency.  Thus, the burden imposed on appellant by such cases as 
Bone v. State
, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) has not been satisfied with regard to this allegation.

Concerning the other ground, the record indicates that the trial court appointed a psychologist to assist appellant in the preparation, evaluation, and presentation of a defense.  However, evidence of the expert’s findings was not presented to the trial court.  This evinced unreasonable conduct on the part of trial counsel, according to appellant, because the latter supposedly “was confused about the consequences of his plea.”  Yet, since there was no motion for new trial filed, appellant presented us with nothing that suggests the expert would have testified favorably.  Nor does the record illustrate why trial counsel opted not to present the findings of the expert, assuming the expert even met with appellant or his counsel and developed findings.  

As for the evidence of confusion, appellant cites us to a passage wherein 1) he represented that no one induced his plea through promises and that he was guilty, and 2) his counsel explained how appellant’s “mind ha[d] been fixed on this guilty plea.”  Yet, nowhere in that exchange does there appear evidence of “confusion,” mental or otherwise, necessitating any type of hearing on appellant’s ability to understand his conduct or the consequences of his plea.  Instead, it suggests that appellant and his counsel discussed appellant’s dilemma at length.  This, coupled with the trial court’s admonitions to appellant about the effect of his plea, obligates us to again conclude that appellant failed to carry the burden imposed by 
Bone
. 

Accordingly, the judgment of the trial court is affirmed.

 

Brian Quinn 

           Chief Justice

Do not publish.