NO. 07-09-00366-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
24, 2010

 



 

JIMMY DALE VAUGHN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO. 11,219; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Jimmy Dale Vaughn, appeals
from a judgment adjudicating him guilty of the offense of unauthorized
use of a motor vehicle[1]
and assessing his punishment at confinement in the State Jail Division of the
Texas Department of Criminal Justice (SJD-TDCJ) for a period of two years.  We affirm.

Factual and
Procedural Background

            On
March 4, 2009, appellant entered a plea of guilty to the offense of
unauthorized use of a motor vehicle as part of a plea agreement.  Pursuant to the plea agreement, the trial
court deferred adjudication and placed appellant on community supervision for a
period of two years.  On July 6, 2009,
the State filed a motion to proceed with adjudication of guilt alleging that
appellant had committed two violations of the terms and conditions of community
supervision.  Specifically, the State
alleged appellant had committed an offense against the laws of the State of
Texas by assaulting Debra Vaughn. 
Further, the State alleged that appellant had failed to pay fines, court
costs, restitution, and monthly community supervision fees as ordered.

            The
trial court conducted a hearing on the State’s application to proceed with
adjudication on October 28, 2009.  The
director of the community supervision department that supervised appellant
testified about appellant’s financial obligations while on community
supervision.  However, he did testify
that appellant was having medical issues and this probably impacted his ability
to make his payments.  The trial court
eventually found in favor of appellant on the issue of community supervision
payments, and that issue is not before this Court.

In connection with the allegation
that appellant had committed an assault against Debra Vaughn, Debra testified
that appellant assaulted her on May 25, 2009. 
According to Debra, she and appellant had been arguing and she called
him a dirty name.  When Debra called him
the dirty name a second time, appellant pushed Debra onto the bed and began
squeezing her with his legs around her mid-section.  Debra testified that she passed out.  When she came to, Debra attempted to leave,
but appellant intercepted her at the front door.  Debra further testified that appellant struck
her about the face and choked her around the neck.  Debra said she eventually got away from
appellant and called the Sheriff’s Office. 
Following the assault, Debra’s mother picked her up and took her to the
emergency room at the local hospital. 
Debra testified that she was admitted to the hospital and stayed there
for three days.

            Appellant
testified that he did not commit an assault against Debra.  Rather, appellant characterized the physical
nature of the contact on the bed as “rough sex,” which appellant stated was
consensual.  After hearing the evidence,
the trial court found that appellant had violated a term and condition of
community supervision by committing an assault, as alleged, and adjudicated him
guilty of unauthorized use of a motor vehicle. 
After hearing evidence regarding punishment, the trial court assessed
appellant’s punishment at confinement in the SJD-TDCJ for a period of two
years.  

            Appellant
appeals alleging that the evidence was legally and factually insufficient to
support the trial court’s judgment and, accordingly, the trial court abused its
discretion by adjudicating appellant guilty of the underlying offense.  Further, appellant alleges that the trial
court abused its discretion assessing appellant’s punishment at confinement in
the SJD-TDCJ for a period of two years. 
Disagreeing with appellant, we will affirm the trial court’s judgment.

Sufficiency of the Evidence

            By his first two issues, appellant
challenges the sufficiency of the evidence supporting the trial court’s
determination that he violated the terms and conditions of his community
supervision by assaulting Debra.

 

Standard of Review

            When
reviewing the adjudication of guilt on the original charge of an appellant
under an order of deferred adjudication, the review process is the same as that
for a revocation of community supervision. 
See Antwine
v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland
2008, pet. ref’d).  In a proceeding to revoke community
supervision, the burden of proof is on the State to show by a preponderance of
the evidence that the defendant violated a condition of community supervision
as alleged in the motion to revoke.  See
Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). 
Proof of any one of the alleged violations is enough to support an order
to revoke.  See Moses v. State,
590 S.W.2d 469, 470 (Tex.Crim.App. 1979); Gobell v. State, 528 S.W.2d 223, 224 (Tex.Crim.App. 1975). 
The standard by which an order revoking community supervision is reviewed
on appeal is abuse of discretion.  See
Naquin v. State, 607 S.W.2d 583, 586 (Tex.Crim.App.
1980); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App.
1978).

            When
the standard of review is abuse of discretion, the record must simply contain
some evidence to support the decision made by the trial court.  See Herald v. State, 67 S.W.3d
292, 293 (Tex.App.–Amarillo 2001, no pet.); Becker
v. State, 33 S.W.3d 64, 66-67 (Tex.App.–El Paso
2000, no pet.); Brumbalow v. State, 933
S.W.2d 298, 300 (Tex.App.–Waco 1996, pet. ref’d).  In
determining the sufficiency of the evidence, we view the evidence in the light
most favorable to the trial court’s ruling. 
See Garrett v. State, 619 S.W.2d 172,
174 (Tex.Crim.App. 1981).  The trial judge is the trier
of fact and the arbiter of the credibility of the testimony during a hearing on
a motion to adjudicate.  See id.

Analysis

            The
record in the case before the Court contains different versions as to the facts
of the alleged assault.  Debra testified
that appellant forced her on the bed where he squeezed her around the middle of
her body with his legs until she passed out. 
Appellant agrees that he and Debra were on the bed, but it is his
contention that they engaged in consensual rough sex.  Debra testified that she came to and
attempted to get away from appellant; however, appellant caught her at the door
and struck her in the face and choked her around the neck.  Appellant testified that he never hit Debra
nor did he injure her in any way on the night in question.  Debra further testified that she was admitted
to the hospital for three days following the assault.  The trial judge heard all of this conflicting
and contradictory testimony.  Based upon
the trial judge’s view of the witnesses, the judge found that appellant did, in
fact, assault Debra, thereby violating his terms and conditions of community
supervision.

            When
we apply the standard of review outlined above, one issue is clear.  The trial judge had to make a determination
about the credibility of the witnesses.  See
id.  In ruling that appellant had
violated the terms and conditions of community supervision by committing an
assault against Debra, the trial court found that Debra’s testimony was
credible.  We must defer to that decision
if there is any evidence to support it.  See
Herald, 67 S.W.3d at 293.  Because there is testimony to support the
trial court’s decision, the trial court did not abuse its discretion in finding
that appellant had violated the terms and conditions of his community
supervision.  See Naquin, 607 S.W.2d at 586; Lloyd, 574 S.W.2d at 160.  We therefore, overrule appellant’s first two
issues. 

Punishment

            Appellant’s
final contention is that the trial court abused its discretion when it assessed
appellant’s punishment at confinement in the SJD-TDCJ for two years.  Appellant’s contention is that, since the
State did not prove that appellant violated the terms and conditions
of community supervision, the punishment was an abuse of
discretion.  However, we have overruled
appellant’s contentions regarding the sufficiency of the evidence to support
the adjudication of appellant. 
Accordingly, we overrule appellant’s third issue.  

Conclusion

            Having overruled appellant’s issues, we affirm the judgment of the trial
court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.  

            








 











[1] See Tex.
Penal Code Ann. § 31.07
(Vernon 2003).