Opinion filed July 19, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00289-CR

                                                    __________

 

                                      LONNIE
BROWN, Appellant  

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. A-36,453

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Lonnie
Brown pleaded guilty in August 2009 to aggravated assault involving serious
bodily injury.  The trial court deferred a finding of guilt, placed appellant
on deferred adjudication community supervision for a term of ten years, and
assessed a $1,000 fine.  In January 2010, the State filed a motion to proceed
with an adjudication of guilt, alleging that appellant violated Rule (a) of the
rules and conditions of his community supervision by committing an offense on
about December 21, 2009, to wit: assault with serious bodily injury.  The State
filed an amended motion to adjudicate in May 2010, alleging that appellant additionally
violated Rule (d) of the rules and conditions of his community supervision by
failing to report in writing and in person to his community supervision officer
on or about January 13, 2010, March 10, 2010, April 14, 2010, and May 12, 2010.

The
trial court heard the motion to adjudicate on June 14, 2010, and September 9,
2010.  Appellant pleaded “not true” to the two alleged violations.  Upon
receiving evidence, the trial court found both allegations to be true, adjudicated
appellant guilty of the charged offense, and assessed his punishment at
confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of twenty years and a fine of $875.  We affirm.  

Standard
of Review

On violation of a condition of community supervision imposed under an order of
deferred adjudication, the defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt
on the original charge. Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(b) (West Supp. 2011).  This determination is
reviewable in the same manner used to determine whether sufficient evidence
supports the trial court’s decision to revoke community supervision.  Id.;
Antwine v. State, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet.
ref’d). In an adjudication hearing, the State must prove by a preponderance of
the evidence that a defendant violated the terms of his community supervision.  Rickels
v. State, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); Antwine,
268 S.W.3d at 636.  A preponderance of the evidence means “that greater weight
of the credible evidence which would create a reasonable belief that the
defendant has violated a condition of his probation.”  Rickels, 202
S.W.3d at 763–64.

Findings
of Fact and Conclusions of Law

In
his first issue, appellant asserts that the trial court violated his due
process rights by failing to enter separate findings of fact and conclusions of
law after he filed a request for same.  Due process in the revocation context
requires a hearing, written notice of the claimed violations, disclosure of the
evidence against the defendant, an opportunity to be heard and to present
witnesses and documentary evidence, a neutral hearing body, and “a written
statement by the fact finder as to the evidence relied on and the reasons for
revoking probation.” Ex parte Carmona, 185 S.W.3d 492, 495 (Tex. Crim. App.
2006) (citing Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973)).  

When the trial court revokes a defendant’s community supervision, due process requires
specific written findings of fact if a defendant requests findings of fact be
made.  See Whisenant v. State, 557 S.W.2d 102, 105 (Tex. Crim. App.
1977); Joseph v. State, 3 S.W.3d 627, 639 (Tex. App.—Houston [14th
Dist.] 1999, no pet.).  However, the trial court is not required to issue
separate findings if the judgment or revocation order discloses the grounds for
revocation found by the court.  See Joseph, 3 S.W.3d at 640; see also
Reasor v. State, 281 S.W.3d 129, 136 (Tex. App.—San Antonio 2008, pet. ref’d). 
The trial court expressly stated in its judgment that
it was revoking appellant’s community supervision based upon its determination
that appellant violated Rules (a) and (d) as alleged in the State’s amended
motion to adjudicate.  Thus, in its judgment, the trial court disclosed the
grounds for revocation.  Accordingly, the trial court was not required to issue
separate findings.[1]
 Reasor, 281 S.W.3d at 136; Joseph, 3 S.W.3d at 640.  
Appellant’s first issue is overruled.

Sufficiency of the Evidence

In
his second issue, appellant challenges the sufficiency of the evidence to show
that he violated the terms of his community supervision.  Given the unique
nature of a revocation hearing and the trial court’s broad discretion in the
proceedings, the general standards for reviewing the sufficiency of the
evidence do not apply. Pierce v. State, 113 S.W.3d 431, 436 (Tex. App.—Texarkana
2003, pet. ref’d).  Instead, we review the trial court’s decision regarding
community supervision revocation for an abuse of discretion and examine the
evidence in a light most favorable to the trial court’s order.  Garrett v.
State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).  When the standard of
review is abuse of discretion, the record must simply contain some evidence to
support the trial court’s decision.  Herald v. State, 67 S.W.3d 292, 293
(Tex. App.—Amarillo 2001, no pet.).  The trial judge is the trier of fact and
the arbiter of the credibility of the testimony during a hearing on a motion to
adjudicate.  See Garrett, 619 S.W.2d at 174.

Roy
Harrison was appellant’s community supervision officer.  He testified that
appellant failed to report to the Ector County Community Supervison Office in
January, March, April, and May of 2010 in violation of Rule (d) of the terms
and conditions of community supervision.  Deputy Mike Davis of the Ector County
Sheriff’s Department testified that he responded to a reported assault on
December 21, 2009.  He observed the victim of the assault, Catalina Lopez, with
notable bruising on the left side of her face.  Lopez told him that appellant
had assaulted her.  The State offered into evidence a written statement prepared
by Lopez two days after the assault wherein she stated: “[Appellant] assaulted
be [sic] by grabbing me and pushing me into a wall.  I was then repeatedly
struck in the left side of the face by [appellant].  [Appellant] grabbed me by
the neck and choked me until I almost went unconscious.”

The
record contains evidence supporting the trial court’s determination that
appellant violated Rules (a) and (d) of the terms and conditions of his
community supervision.  Accordingly, the trial court did not abuse its
discretion in finding the alleged violations to be true and proceeding with an
adjudication of guilt.  Appellant’s second issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

July 19, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]We further note that the trial court also stated at the
conclusion of the adjudication hearing that it found both allegations alleged
by the State to be true.