**Opinion filed July 19, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00289-CR
_____

## LONNIE BROWN, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-36,453**

## M E M O R A N D U M   O P I N I O N

Lonnie Brown pleaded guilty in August 2009 to aggravated assault involving serious bodily injury. The trial court deferred a finding of guilt, placed appellant on deferred adjudication community supervision for a term of ten years, and assessed a $1,000 fine. In January 2010, the State filed a motion to proceed with an adjudication of guilt, alleging that appellant violated Rule (a) of the rules and conditions of his community supervision by committing an offense on about December 21, 2009, to wit: assault with serious bodily injury. The State filed an amended motion to adjudicate in May 2010, alleging that appellant

additionally violated Rule (d) of the rules and conditions of his community supervision by failing to report in writing and in person to his community supervision officer on or about January 13, 2010, March 10, 2010, April 14, 2010, and May 12, 2010.

The trial court heard the motion to adjudicate on June 14, 2010, and September 9, 2010. Appellant pleaded "not true" to the two alleged violations. Upon receiving evidence, the trial court found both allegations to be true, adjudicated appellant guilty of the charged offense, and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty years and a fine of $875. We affirm.

### Standard of Review

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2011). This determination is reviewable in the same manner used to determine whether sufficient evidence supports the trial court's decision to revoke community supervision. *Id.*; *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Antwine*, 268 S.W.3d at 636. A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64.

### Findings of Fact and Conclusions of Law

In his first issue, appellant asserts that the trial court violated his due process rights by failing to enter separate findings of fact and conclusions of law after he filed a request for same. Due process in the revocation context requires a hearing, written notice of the claimed violations, disclosure of the evidence against the defendant, an opportunity to be heard and to present witnesses and documentary evidence, a neutral hearing body, and "a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation." *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)).

When the trial court revokes a defendant's community supervision, due process requires specific written findings of fact if a defendant requests findings of fact be made. *See Whisenant v. State*, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977); *Joseph v. State*, 3 S.W.3d 627, 639 (Tex. App.—Houston [14th Dist.] 1999, no pet.). However, the trial court is not required to issue separate findings if the judgment or revocation order discloses the grounds for revocation found by the court. *See Joseph*, 3 S.W.3d at 640; *see also Reasor v. State*, 281 S.W.3d 129, 136 (Tex. App.—San Antonio 2008, pet. ref'd). The trial court expressly stated in its judgment that it was revoking appellant's community supervision based upon its determination that appellant violated Rules (a) and (d) as alleged in the State's amended motion to adjudicate. Thus, in its judgment, the trial court disclosed the grounds for revocation. Accordingly, the trial court was not required to issue separate findings.[1] *Reasor*, 281 S.W.3d at 136; *Joseph*, 3 S.W.3d at 640. Appellant's first issue is overruled.

### Sufficiency of the Evidence

In his second issue, appellant challenges the sufficiency of the evidence to show that he violated the terms of his community supervision. Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing the sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the trial court's decision. *Herald v. State*, 67 S.W.3d 292, 293 (Tex. App.—Amarillo 2001, no pet.). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. *See Garrett*, 619 S.W.2d at 174.

Roy Harrison was appellant's community supervision officer. He testified that appellant failed to report to the Ector County Community Supervison Office in January, March, April, and May of 2010 in violation of Rule (d) of the terms and conditions of community supervision. Deputy Mike Davis of the Ector County Sheriff's Department testified that he responded to a reported assault on December 21, 2009. He observed the victim of the assault, Catalina Lopez,

---

[1]We further note that the trial court also stated at the conclusion of the adjudication hearing that it found both allegations alleged by the State to be true.

with notable bruising on the left side of her face. Lopez told him that appellant had assaulted her. The State offered into evidence a written statement prepared by Lopez two days after the assault wherein she stated: "[Appellant] assaulted be [sic] by grabbing me and pushing me into a wall. I was then repeatedly struck in the left side of the face by [appellant]. [Appellant] grabbed me by the neck and choked me until I almost went unconscious."

The record contains evidence supporting the trial court's determination that appellant violated Rules (a) and (d) of the terms and conditions of his community supervision. Accordingly, the trial court did not abuse its discretion in finding the alleged violations to be true and proceeding with an adjudication of guilt. Appellant's second issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

July 19, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.