James Frances NAQUIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 65364.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 19, 1980.

---

Don Ervin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart and Frank Harmon, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from an order revoking probation.

Upon appellant's entry of a plea of guilty to the offense of delivery of a derivative of barbituric acid, the trial court placed appellant on ten years probation. Thereafter, the State filed a motion to revoke probation alleging appellant had violated a term of his probation—that he commit no offense against the law—by possessing a usable quantity of marihuana. Appellant was also indicted for that offense.

On October 3, 1978, the trial court convened a hearing during which appellant was simultaneously tried on the indictment and the State's motion to revoke his probation. On conclusion of such proceeding, the trial court found appellant not guilty of the offense of possession of marihuana, but revoked his probation, finding that the preponderance of the evidence supported the allegation in the State's motion to revoke probation.

The sufficiency of the evidence is challenged.

Viewed in a light most favorable to the trial court's finding, the evidence established that a search warrant issued, autho-

rizing the search of "a one story private residence, white in color with red brick laid on front" and "a separate garage white in color which can hold approximately two vehicles," as well as a "vehicle: unknown year blue Monte Carlo with severe damage to the front portion." The warrant further specified that the location to be searched was "1400 West 25th" in Houston, and the contraband sought was marihuana, believed to be concealed by appellant.

Officer Michael Gann testified that on June 21, 1978, he proceeded to the described location with other officers to execute the warrant at approximately 3:00 p. m. During a short surveillance, the officers observed appellant working under the hood of a blue pickup truck which was parked half way into an unattached garage near the address described in the warrant, and talking with two other people. Approximately six feet from where appellant was standing, the officers observed a blue Monte Carlo automobile with front end damage.

The officers went around the block, but on their return, discovered that appellant and the others had left; they stopped at the location and two officers began to search the garage area, while three others went into the house where they displayed their warrant to appellant's mother and began a search there.

Outside, Officer T. R. Cunningham found a set of keys in the ignition of the blue truck, removed them and tried the keys on the trunk of the Monte Carlo. He was able to open the trunk and there found approximately 76 pounds of marihuana.

According to Gann, he went into the house and was informed by another officer that "he heard something move around in the attic." Gann and another officer pulled the attic stairs down and went up into the attic. Gann testified:

"A: We found him[1] in the attic.

Q: Where was he?

A: In between some rafters.

Q: Was he placed under arrest?

A: Yes he was.

Q: Did you have a conversation with him?

A: Yes, sir, we did."

On cross examination, Officer Gann testified he had never seen appellant drive or "exercise control over [the Monte Carlo automobile]." Gann was asked:

"Q: Do you know who the truck belonged to that he was working on?

A: I don't remember if he said it was his, but he was working on it.

Q: It belonged to someone else, you found out as a result of your investigation?

A: Not in investigating.

Q: You found that the Monte Carlo didn't belong to this Defendant too; didn't you?

A: I didn't investigate it."

The State then called Officer T. R. Cunningham who testified to finding the marihuana and identified State's Exhibit No. 1 as part of the contraband found.[2]

Finally, the State called appellant's probation officer, Arthur Hill, who testified that when appellant reported to him in May, the preceding month, the latter advised him that he was driving a "1976 blue Chevrolet sedan."

Over objection, the prosecutor was permitted to elicit from Hill the fact that a "Monte Carlo [is] a Chevrolet." However, on cross examination, defense counsel inquired:

"Q: Sir, in your expertise as an automobile expert, you know a Monte Carlo is a coupe; do you not sir?

A: Yes, sir.

Q: It's not a sedan; is it?

A: No sir; I don't think so."

Hill also testified that during the time appellant had been under his supervision on probation, he had lived at 1400 West 25th Street. With this, the State rested.

---

1. The person found in the attic was neither identified specifically nor contextually.

2. A written stipulation of evidence, executed by appellant, averred that the substance contained in State's Exhibit No. 1 was marihuana.

It is clearly settled that in a proceeding to revoke probation, the trial judge is the sole trier of the facts, the credibility of the witnesses and the weight to be given to particular testimony. *Grant v. State*, 566 S.W.2d 954 (Tex.Cr.App.1978); *Ross v. State*, 523 S.W.2d 402 (Tex.Cr.App.1975). The trial judge, however, is not accorded absolute discretion in the decision to revoke a probation. *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1974). Only if the State has proved every element of the offense alleged as grounds for revocation, by a preponderance of the evidence, may the court, in its sound discretion, revoke probation. *Battle v. State*, 571 S.W.2d 20 (Tex.Cr.App. 1978); *Grant*, supra.

In order to establish the unlawful possession of a controlled substance, the State must prove: (1) that the accused exercised care, control and management over the contraband, and; (2) that the accused knew the substance possessed was a controlled substance. *Pierce v. State*, 577 S.W.2d 253 (Tex.Cr.App.1979); *Herrerra v. State*, 561 S.W.2d 175 (Tex.Cr.App.1978).

In *Battle*, supra, it was stated:

"In a hearing of this nature, the State satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Scamardo v. State*, supra at 298. When the State's case is supported by circumstantial evidence alone, the incriminating circumstances must be such as to exclude every reasonable hypothesis except the accused's guilt. *Stogsdill v. State*, 552 S.W.2d 481, 486 (Tex.Cr.App.1977). An order of revocation based on only a likelihood or strong suspicion of guilt constitutes an abuse of discretion."

571 S.W.2d at 22.

In the instant case, there is no direct evidence testimony that appellant was observed in actual personal possession of the marihuana found in the trunk of the blue Monte Carlo. While the circumstantial evidence appears sufficient to show appellant had access to the trunk of the Monte Carlo and, therefore, could have exercised control of the marihuana found there, the record is devoid of evidence that appellant had exclusive custody and control of the car. See *Armstrong v. State*, 542 S.W.2d 119 (Tex. Cr.App.1976); *Williams v. State*, 498 S.W.2d 340 (1973); *Morrow v. State*, 478 S.W.2d 941 (Tex.Cr.App.1972).

While possession of contraband need not be exclusive, a finding of joint possession cannot be justified solely on the basis of proof of mere presence at a place where it is possessed. *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976); *Hausman v. State*, 480 S.W.2d 721 (Tex.Cr.App. 1972). And irrespective of whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and of its whereabouts. *Id.* An affirmative link may be established by showing additional facts and circumstances which indicate the accused's control and knowledge of the contraband. *Hernandez*, supra.

In the case before us, we find no evidence which would indicate appellant's knowledge that the marihuana seized was contained within the trunk of the Monte Carlo. Compare *Pierce*, supra; *Herrerra*, supra; *Hernandez*, supra; and *Turner v. State*, 543 S.W.2d 629 (Tex.Cr.App.1976). We are therefore constrained to hold that the trial court abused its discretion in revoking appellant's probation.

Because of our disposition, we need not address appellant's contention that the affidavit underlying the search warrant, was insufficient.

The order revoking probation is reversed and this cause is remanded to the trial court.