TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00474-CR







Regina Marie Lottmann, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR92-036, HONORABLE FRED A. MOORE, JUDGE PRESIDING







PER CURIAM


 In June 1992, appellant pleaded guilty to felony theft. The district court deferred
adjudication and placed appellant on probation. In June 1993, the court adjudicated appellant
guilty on the State's motion and sentenced her to imprisonment for ten years and a $500 fine. The
court suspended imposition of sentence and again placed appellant on probation. In August 1994,
the court revoked appellant's probation on the State's motion and imposed sentence.

 The district court found, among other things, that appellant violated the conditions
of her probation by committing the offense of theft by check. Appellant contends the evidence
does not support this finding.

 A check bearing what purported to be appellant's signature was passed to a clerk
at a Comal County grocery store. The check was returned by the bank for insufficient funds. The
clerk identified appellant at the revocation hearing as the person who gave her the check, although
she admitted stating on an earlier occasion that she could not remember the person who passed
the check. Appellant's probation officer testified that appellant told him she signed the check but
did not pass it. In addition, the district court was able to compare the signature on the check with
several documents bearing appellant's signature introduced in evidence by the defense. In her
testimony, appellant denied writing or passing the check.

 The court is the trier of facts at a probation revocation hearing and is the sole judge
of the credibility of the witnesses and the weight to give their testimony. Naquin v. State, 607
S.W.2d 583, 586 (Tex. Crim. App. 1980). The court's finding of a probation violation must be
supported by a preponderance of the evidence. Id. Applying these principles to the evidence in
this cause, we find the evidence sufficient to sustain the district court's finding. Point of error
three is overruled.

 In point of error six, appellant contends the court erred by admitting the testimony
of a Comal County deputy sheriff comparing a known sample of appellant's handwriting with the
handwriting on the check. Appellant argues that the witness was not called timely and that he was
not properly qualified as an expert. Because we find the other evidence sufficient to support the
court's finding of a probation violation, any error in admitting the challenged testimony was
harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). Point of error six is overruled.

 If there is sufficient evidence to sustain one probation violation found by the court,
the revocation order will be affirmed. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
1980). We therefore do not address points of error one, two, four, and five, which challenge the
district court's other findings.

 The order revoking probation is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: January 17, 1996

Do Not Publish 



14pt">
TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00474-CR







Regina Marie Lottmann, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR92-036, HONORABLE FRED A. MOORE, JUDGE PRESIDING







PER CURIAM


 In June 1992, appellant pleaded guilty to felony theft. The district court deferred
adjudication and placed appellant on probation. In June 1993, the court adjudicated appellant
guilty on the State's motion and sentenced her to imprisonment for ten years and a $500 fine. The
court suspended imposition of sentence and again placed appellant on probation. In August 1994,
the court revoked appellant's probation on the State's motion and imposed sentence.

 The district court found, among other things, that appellant violated the conditions
of her probation by committing the offense of theft by check. Appellant contends the evidence
does not support this finding.

 A check bearing what purported to be appellant's signature was passed to a clerk
at a Comal County grocery store. The check was returned by the bank for insufficient funds. The
clerk identified appellant at the revocation hearing as the person who gave her the check, although
she admitted stating on an earlier occasion that she could not remember the person who passed
the check. Appellant's probation officer testified that appellant told him she signed the check but
did not pass it. In addition, the district court was able to compare the signature on the check with
several documents bearing appellant's signature introduced in evidence by the defense. In her
testimony, appellant denied writing or passing the check.

 The court is the trier of facts at a probation revocation hearing and is the sole judge
of the credibility of the witnesses and the weight to give their testimony. Naquin v. State, 607
S.W.2d 583, 586 (Tex. Crim. App. 1980). The court's finding of a probation violation must be
supported by a preponderance of the evidence. Id. Applying these principles to the evidence in
this cause, we find the evidence sufficient to sustain the district court's finding. Point of error
three is overruled.

 In point of error six, appellant contends the court erred by admitting the testimony
of a Comal County deputy sheriff comparing a known sample of appellant's handwriting with the
handwriting on the check. Appellant argues that the witness was not called timely and that he was
not properly qualified as an expert. Because we find the other evidence sufficient to support the
court's finding of a probation violation, any error in admitting the challenged testimony was
harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). Point of error six is overruled.

 If there is sufficient evidence to sustain one probation violation found by the court,
the revocation order will be affirmed. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
1980). We therefore do not address points of error one, two, four, and five, which challenge the
district court's other findings.

 The order revoking probation is affirmed.


Before Justices Powers, Aboussie and Kidd