NO. 07-02-0226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 16, 2003

_____


DANIEL HOFFMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 6004; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.


MEMORANDUM OPINION


Appellant Daniel Hoffman appeals from the revocation of his probation for felony driving while intoxicated. As modified, we affirm the judgment of the trial court.

Appellant Daniel Hoffman pled guilty to felony driving while intoxicated. His punishment was probated for five years. Pursuant to the State's motion to revoke asserting five grounds for revocation, the trial court held a hearing on May 16, 2002. Appellant's probation was revoked and the original sentence of five years confinement and a fine of $2,500 was imposed.

Appellant urges five issues in seeking reversal of the trial court's order. As to the five grounds for revocation, he asserts that (1) he obeyed all the court's orders, (2) two of the grounds were impossible to perform because of actions of his probation officer, and (3) two of the grounds involved his failure to pay money and he proved his inability to pay. He concludes that the trial court abused its discretion in finding he violated any condition of probation.

The State asserts that a single violation of probation conditions is sufficient to support the trial court's order. The State urges that the trial court did not abuse its discretion in finding violations by appellant, thus the revocation must be affirmed.

In a proceeding to revoke probation the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of probation as alleged in the motion to revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). Proof of any one of the alleged violations is enough to support an order to revoke probation. See Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); Gobell v. State, 528 S.W.2d 223, 224 (Tex.Crim.App. 1975). The standard by which an order revoking probation is reviewed on appeal is abuse of discretion. See

2

Naquin v. State, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. See Herald v. State, 67 S.W.3d 292, 293 (Tex.App.--Amarillo 2001, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.--Waco 1996, pet. ref'd). In determining the sufficiency of the evidence to sustain a probation revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). If the trial court's findings of fact are supported by the record when the record is viewed in such light, we may not disturb them, and are limited to addressing whether the trial court properly applied the law to the facts. See Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

Appellant was placed on probation February 13, 2001. One condition of his probation was that he report to his probation officer once each month or more often if ordered in writing to do so by the court, beginning on February 13, 2001, and on or before the 15th of each month thereafter.

Appellant and his probation officer, Mark Watson, both testified at the revocation hearing. Both agreed that appellant reported to Watson on February 13 and February 14, 2001. Appellant and Watson agreed that appellant did not report to Watson in person, by mail or in any other manner during the remainder of February, March, April or May, 2001. Appellant testified that he had been given a travel permit to go to New Mexico; that he had been told to report to Watson by mail; and that he did not report. Appellant had the

3

telephone number at the Gray County probation department where Watson worked, but did not call after February 14th when he last saw or talked to Watson.

The record contains evidence to support a finding by the trial court that appellant violated the term of his probation that he report to his probation officer on or before April 15, 2001 and May 15, 2001. See Jones, 589 S.W.2d at 421. The trial court did not abuse its discretion in revoking appellant's probation. See Naquin, 607 S.W.2d at 586.

The trial court's judgment signed on May 16, 2002, recites that appellant pled "true" to the motion to revoke probation. We modify the judgment to reflect that appellant pled "not true" to the motion to revoke. In all other respects the judgment is affirmed. See TEX. R. APP. P. 43.2(b).

> Phil Johnson
> Chief Justice

Do not publish.