COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-07-329-CR

                                        NO. 2-07-330-CR

 

 

PETER VILLARREAL                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury
convicted Appellant Peter Villarreal of unlawful possession of a firearm by a
felon[2]
and possession of four grams or more but less than two hundred grams of
methamphetamine and cocaine with intent to deliver.[3]  The jury assessed his punishment at twenty
years=
confinement in the firearm case and forty years=
confinement in the drug case.  The trial
court sentenced him accordingly and ordered that the sentences be served
concurrently.  In his sole point,
Appellant challenges the factual sufficiency of the evidence in each case.  Because we hold that the evidence is
factually sufficient to support the jury=s
verdicts, we affirm the trial court=s
judgments.

On
December 2, 2005, Officer Tucker saw Appellant, who was driving a black Ford
Mustang, run a red light in what testimony described as a high crime area.  Officer Tucker pulled Appellant=s car
over, discovered an outstanding warrant for his arrest, and asked dispatch to
send an assist officer.

Officer
Tucker placed Appellant under arrest and asked Appellant=s
passenger to step out of the car.  When
Officer Cox arrived, Appellant was in the backseat of Officer Tucker=s patrol
car.  Officer Tucker performed an
inventory search of Appellant=s car
and found a Dallas Cowboy=s toboggan or ski cap between
the driver=s seat and the center
console.  Inside the cap, Officer Tucker
found methamphetamine and cocaine, individually packaged.  Officer Tucker continued to search the car
and found $644 in cash, and, in the trunk, a Ruger pistol.  The hammer was cocked and ready to fire.  There were ten live rounds of ammunition in
the gun.








Appellant
contends that the evidence is factually insufficient to establish that he
exercised the requisite level of care, custody, and control over the drugs and
the gun to prove that he knowingly possessed them.  He does not otherwise challenge the
evidence.  Appellant relies on the
evidence that he had recently purchased the vehicle and that he was not in
exclusive possession of either the drugs or the gun as well as the absence of
evidence of his fingerprints on the gun and the baggies of drugs.  He also posits that the cash could have
reasonably been the proceeds of his paycheck, since the arrest occurred on a
Friday afternoon.

As the
Texas Court of Criminal Appeals has held,

To prove unlawful
possession of a controlled substance, the State must prove that: (1) the
accused exercised control, management, or care over the substance; and (2) the
accused knew the matter possessed was contraband.  Whether this evidence is direct or
circumstantial, Ait must establish, to the
requisite level of confidence, that the accused=s connection with the
drug was more than just fortuitous.  This
is the whole of the so‑called >affirmative links= rule.@[4]

 

The
affirmative links doctrine also applies to the possession of firearms.[5]








Further,
as the State points out, in proving possession, when the accused is not in
exclusive possession of the location where the contraband is found, the State must
establish Aadditional independent facts and
circumstances@ that Alink@ the
accused in such a manner that it can be concluded that the accused had
knowledge of the contraband and exercised control over the contraband.[6]

Appellant
points to two circumstances to suggest that he may not have had knowledge of
the presence of either the drugs or the firearm: he had recently purchased the
car and there was a passenger.  The
record reflects that Appellant told Officer Cox that he had recently purchased
the car, and the State introduced a certified copy of the vehicle registration
showing that Appellant was the owner of the car.  Additionally, Appellant was driving the car,
and the passenger was a fourteen-year-old girl.

The
drugs were packaged for sale and concealed in a toboggan or ski cap located
between the center console and the driver=s
seat.  The gun was in the trunk, cocked,
loaded with ten rounds, and ready to fire; there was no suggestion that it was
hidden.  Additionally, $644 in cash was
found in the car.  The evidence shows
that the ski cap was clearly visible to the officers, which is some evidence
that it was visible to Appellant.








The
evidence that Appellant intentionally or knowingly possessed the drugs includes
the evidence that Appellant owned the car, he was driving the car, the cap
containing the drugs was between the driver=s seat
and the center console and was clearly visible, the cap was in an area of the
car over which Appellant had immediate control as the driver, the
methamphetamine and cocaine were individually packaged inside the cap, and $644
in cash was found in the car.  There is
no evidence that anyone else had had recent possession of the car.

Commander
Herschel Tebay of the Tarrant County Organized Crime Unit testified that drug
dealers often carry pistols and will carry significant amounts of cash if they
have sold drugs recently.  He testified
that it was not unusual for a drug dealer to have a firearm in the trunk.  Given the amount of cash and the individual
packaging of the methamphetamine and cocaine, the jury could have logically
concluded that Appellant was dealing drugs and that, as Tebay testified, it
would not be unusual for him to have a firearm in the trunk.








Appellant
points to the absence of evidence of his fingerprints on the gun and
drugs.  Again, the evidence shows that
the drugs, packaged for sale, were in a ski cap near the driver, Appellant,
there was no indication that the gun was hidden, and it was cocked, loaded, and
ready to fire.  There is no evidence that
anyone else had recently driven the car, and there is evidence that drug
dealers often carry a firearm.

Viewing
all the evidence presented to the jury in a neutral light, favoring neither
party,[7]
we hold that the evidence is factually sufficient to support the verdicts.  We therefore overrule Appellant=s sole
point and affirm the trial court=s
judgments.

 

LEE ANN DAUPHINOT

JUSTICE

 

 

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 12, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 46.04(a) (Vernon
2003).





[3]See Tex. Health & Safety
Code Ann. '' 481.102, 481.112(d)
(Vernon 2003).





[4]Poindexter v. State, 153 S.W.3d 402, 405B06 (Tex. Crim. App. 2005)
(citations omitted).





[5]Bates v. State, 155 S.W.3d 212, 216B17 (Tex. App.CDallas 2004, no pet.).





[6]Poindexter, 153 S.W.3d at 406; see
also Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).





[7]See Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).