

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-07-329-CR**
**NO. 2-07-330-CR**

PETER VILLARREAL                                    APPELLANT

V.

THE STATE OF TEXAS                                       STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Peter Villarreal of unlawful possession of a firearm by a felon[2] and possession of four grams or more but less than two hundred grams of methamphetamine and cocaine with intent to deliver.[3] The

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 46.04(a) (Vernon 2003).

[3] *See* Tex. Health & Safety Code Ann. §§ 481.102, 481.112(d) (Vernon 2003).

jury assessed his punishment at twenty years' confinement in the firearm case and forty years' confinement in the drug case. The trial court sentenced him accordingly and ordered that the sentences be served concurrently. In his sole point, Appellant challenges the factual sufficiency of the evidence in each case. Because we hold that the evidence is factually sufficient to support the jury's verdicts, we affirm the trial court's judgments.

On December 2, 2005, Officer Tucker saw Appellant, who was driving a black Ford Mustang, run a red light in what testimony described as a high crime area. Officer Tucker pulled Appellant's car over, discovered an outstanding warrant for his arrest, and asked dispatch to send an assist officer.

Officer Tucker placed Appellant under arrest and asked Appellant's passenger to step out of the car. When Officer Cox arrived, Appellant was in the backseat of Officer Tucker's patrol car. Officer Tucker performed an inventory search of Appellant's car and found a Dallas Cowboy's toboggan or ski cap between the driver's seat and the center console. Inside the cap, Officer Tucker found methamphetamine and cocaine, individually packaged. Officer Tucker continued to search the car and found $644 in cash, and, in the trunk, a Ruger pistol. The hammer was cocked and ready to fire. There were ten live rounds of ammunition in the gun.

Appellant contends that the evidence is factually insufficient to establish that he exercised the requisite level of care, custody, and control over the drugs and the gun to prove that he knowingly possessed them. He does not otherwise challenge the evidence. Appellant relies on the evidence that he had recently purchased the vehicle and that he was not in exclusive possession of either the drugs or the gun as well as the absence of evidence of his fingerprints on the gun and the baggies of drugs. He also posits that the cash could have reasonably been the proceeds of his paycheck, since the arrest occurred on a Friday afternoon.

As the Texas Court of Criminal Appeals has held,

> To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. This is the whole of the so-called 'affirmative links' rule."[4]

The affirmative links doctrine also applies to the possession of firearms.[5]

---

[4] *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005) (citations omitted).

[5] *Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.).

3

Further, as the State points out, in proving possession, when the accused is not in exclusive possession of the location where the contraband is found, the State must establish "additional independent facts and circumstances" that "link" the accused in such a manner that it can be concluded that the accused had knowledge of the contraband and exercised control over the contraband.[6]

Appellant points to two circumstances to suggest that he may not have had knowledge of the presence of either the drugs or the firearm: he had recently purchased the car and there was a passenger. The record reflects that Appellant told Officer Cox that he had recently purchased the car, and the State introduced a certified copy of the vehicle registration showing that Appellant was the owner of the car. Additionally, Appellant was driving the car, and the passenger was a fourteen-year-old girl.

The drugs were packaged for sale and concealed in a toboggan or ski cap located between the center console and the driver's seat. The gun was in the trunk, cocked, loaded with ten rounds, and ready to fire; there was no suggestion that it was hidden. Additionally, $644 in cash was found in the car. The evidence shows that the ski cap was clearly visible to the officers, which is some evidence that it was visible to Appellant.

---

[6] *Poindexter*, 153 S.W.3d at 406; *see also Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

The evidence that Appellant intentionally or knowingly possessed the drugs includes the evidence that Appellant owned the car, he was driving the car, the cap containing the drugs was between the driver's seat and the center console and was clearly visible, the cap was in an area of the car over which Appellant had immediate control as the driver, the methamphetamine and cocaine were individually packaged inside the cap, and $644 in cash was found in the car. There is no evidence that anyone else had had recent possession of the car.

Commander Herschel Tebay of the Tarrant County Organized Crime Unit testified that drug dealers often carry pistols and will carry significant amounts of cash if they have sold drugs recently. He testified that it was not unusual for a drug dealer to have a firearm in the trunk. Given the amount of cash and the individual packaging of the methamphetamine and cocaine, the jury could have logically concluded that Appellant was dealing drugs and that, as Tebay testified, it would not be unusual for him to have a firearm in the trunk.

Appellant points to the absence of evidence of his fingerprints on the gun and drugs. Again, the evidence shows that the drugs, packaged for sale, were in a ski cap near the driver, Appellant, there was no indication that the gun was hidden, and it was cocked, loaded, and ready to fire. There is no evidence that anyone else had recently driven the car, and there is evidence that drug dealers

often carry a firearm.

Viewing all the evidence presented to the jury in a neutral light, favoring neither party,[7] we hold that the evidence is factually sufficient to support the verdicts. We therefore overrule Appellant's sole point and affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 12, 2009

---

[7] *See Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).