NO. 07-09-00366-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 24, 2010

JIMMY DALE VAUGHN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,219; HONORABLE DAN MIKE BIRD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jimmy Dale Vaughn, appeals from a judgment adjudicating him guilty of the offense of unauthorized use of a motor vehicle[1] and assessing his punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice (SJD-TDCJ) for a period of two years.  We affirm.

Factual and Procedural Background

On March 4, 2009, appellant entered a plea of guilty to the offense of unauthorized use of a motor vehicle as part of a plea agreement.  Pursuant to the plea

---

[1] See TEX. PENAL CODE ANN. § 31.07 (Vernon 2003).

agreement, the trial court deferred adjudication and placed appellant on community supervision for a period of two years. On July 6, 2009, the State filed a motion to proceed with adjudication of guilt alleging that appellant had committed two violations of the terms and conditions of community supervision. Specifically, the State alleged appellant had committed an offense against the laws of the State of Texas by assaulting Debra Vaughn. Further, the State alleged that appellant had failed to pay fines, court costs, restitution, and monthly community supervision fees as ordered.

The trial court conducted a hearing on the State's application to proceed with adjudication on October 28, 2009. The director of the community supervision department that supervised appellant testified about appellant's financial obligations while on community supervision. However, he did testify that appellant was having medical issues and this probably impacted his ability to make his payments. The trial court eventually found in favor of appellant on the issue of community supervision payments, and that issue is not before this Court.

In connection with the allegation that appellant had committed an assault against Debra Vaughn, Debra testified that appellant assaulted her on May 25, 2009. According to Debra, she and appellant had been arguing and she called him a dirty name. When Debra called him the dirty name a second time, appellant pushed Debra onto the bed and began squeezing her with his legs around her mid-section. Debra testified that she passed out. When she came to, Debra attempted to leave, but appellant intercepted her at the front door. Debra further testified that appellant struck her about the face and choked her around the neck. Debra said she eventually got

2

away from appellant and called the Sheriff's Office. Following the assault, Debra's mother picked her up and took her to the emergency room at the local hospital. Debra testified that she was admitted to the hospital and stayed there for three days.

Appellant testified that he did not commit an assault against Debra. Rather, appellant characterized the physical nature of the contact on the bed as "rough sex," which appellant stated was consensual. After hearing the evidence, the trial court found that appellant had violated a term and condition of community supervision by committing an assault, as alleged, and adjudicated him guilty of unauthorized use of a motor vehicle. After hearing evidence regarding punishment, the trial court assessed appellant's punishment at confinement in the SJD-TDCJ for a period of two years.

Appellant appeals alleging that the evidence was legally and factually insufficient to support the trial court's judgment and, accordingly, the trial court abused its discretion by adjudicating appellant guilty of the underlying offense. Further, appellant alleges that the trial court abused its discretion assessing appellant's punishment at confinement in the SJD-TDCJ for a period of two years. Disagreeing with appellant, we will affirm the trial court's judgment.

## Sufficiency of the Evidence

By his first two issues, appellant challenges the sufficiency of the evidence supporting the trial court's determination that he violated the terms and conditions of his community supervision by assaulting Debra.

3

Standard of Review

When reviewing the adjudication of guilt on the original charge of an appellant under an order of deferred adjudication, the review process is the same as that for a revocation of community supervision. See Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). In a proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). Proof of any one of the alleged violations is enough to support an order to revoke. See Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); Gobell v. State, 528 S.W.2d 223, 224 (Tex.Crim.App. 1975). The standard by which an order revoking community supervision is reviewed on appeal is abuse of discretion. See Naquin v. State, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978).

When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. See Herald v. State, 67 S.W.3d 292, 293 (Tex.App.–Amarillo 2001, no pet.); Becker v. State, 33 S.W.3d 64, 66-67 (Tex.App.–El Paso 2000, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, pet. ref'd). In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's ruling. See Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981). The trial judge is the trier

4

of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate.  See id.

Analysis

The record in the case before the Court contains different versions as to the facts of the alleged assault.  Debra testified that appellant forced her on the bed where he squeezed her around the middle of her body with his legs until she passed out. Appellant agrees that he and Debra were on the bed, but it is his contention that they engaged in consensual rough sex.  Debra testified that she came to and attempted to get away from appellant; however, appellant caught her at the door and struck her in the face and choked her around the neck.  Appellant testified that he never hit Debra nor did he injure her in any way on the night in question.  Debra further testified that she was admitted to the hospital for three days following the assault.  The trial judge heard all of this conflicting and contradictory testimony.  Based upon the trial judge's view of the witnesses, the judge found that appellant did, in fact, assault Debra, thereby violating his terms and conditions of community supervision.

When we apply the standard of review outlined above, one issue is clear.  The trial judge had to make a determination about the credibility of the witnesses.  See id.  In ruling that appellant had violated the terms and conditions of community supervision by committing an assault against Debra, the trial court found that Debra's testimony was credible.  We must defer to that decision if there is any evidence to support it.  See Herald, 67 S.W.3d at 293.  Because there is testimony to support the trial court's decision, the trial court did not abuse its discretion in finding that appellant had violated

5

the terms and conditions of his community supervision.  <u>See</u> <u>Naquin</u>, 607 S.W.2d at 586; <u>Lloyd</u>, 574 S.W.2d at 160.  We therefore, overrule appellant's first two issues.

## Punishment

Appellant's final contention is that the trial court abused its discretion when it assessed appellant's punishment at confinement in the SJD-TDCJ for two years. Appellant's contention is that, since the State did not prove that appellant violated the terms and conditions of community supervision, the punishment was an abuse of discretion.  However, we have overruled appellant's contentions regarding the sufficiency of the evidence to support the adjudication of appellant.  Accordingly, we overrule appellant's third issue.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

6