PD-0514-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/29/2015 4:09:30 PM
Accepted 7/30/2015 3:47:42 PM
ABEL ACOSTA
CLERK

ORAL ARGUMENT NOT REQUESTED

# No. PD-0514-15

# In the Court of Criminal Appeals
# Austin, Texas

---

WILLIAM GRANT DORSETT,

*Petitioner / Appellant,*

FILED IN
COURT OF CRIMINAL APPEALS

July 30, 2015

ABEL ACOSTA, CLERK

**v.**

THE STATE OF TEXAS,

*Respondent / Appellee.*

---

On appeal from the 173rd District Court, no. B-19,825,
Henderson County, Texas, and the Tyler Court of
Appeals, No. 12-14-00027-CR

---

PETITION FOR DISCRETIONARY REVIEW

---

**Mitch Adams**
SBN: 24006737

Mitch Adams, Attorney at Law          (903) 630-7444
216 West Erwin Street                 (866) 471-0147 (fax)
Suite 350                             *e-mail:*
Tyler, Texas 75702                    *mitchadams@mitchadamslaw.com*
Attorney for the Petitioner, William Grant Dorsett

# No. PD-0514-15

# In the Court of Criminal Appeals
# Austin, Texas

**WILLIAM GRANT DORSETT,**

*Petitioner / Appellant,*

**v.**

**THE STATE OF TEXAS,**

*Respondent / Appellee.*

On appeal from the 173rd District Court, no. B-19,825,
Henderson County, Texas, and the Tyler Court of
Appeals, No. 12-14-00027-CR

## PETITION FOR DISCRETIONARY REVIEW

To the Honorable Court of Criminal Appeals:

Mr. William Grant Dorsett, Petitioner, asks the Court to grant discretionary review, then acquittal or retrial of his theft by deception conviction.

ii

The Parties and Their Counsel

The following is a list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

*Petitioner*
Mr. William Grant Dorsett

*Petitioner's Counsel*
Mr. Mitch Adams
Mitch Adams, Attorney at Law
216 West Erwin Street
Suite 350
Tyler, TX 75702
(903) 630-7444

*Petitioner's Trial Counsel*
Mr. Barry Spencer
Henderson County Courthouse
Athens, TX 75751

*State of Texas*

*State's Appellate Counsel*
Ms. Lisa McMinn
Henderson County District
 Attorney
500 N. Church Street, Room 38
Palestine, TX 75801

*State's Trial Counsel*
Ms. Jenny Palmer/Mr. Danny Cox
Henderson Co. Assistant District
 Attorneys

(Parties, cont.)

**Judges**                    Hon. Carter Tarrance,
                              173rd District Court, Henderson
                              County

**Justices**                  Hon. Chief Justice James T.
                               Worthen
                              Hon. Justice Brian Hoyle
                              Hon. Justice Greg Neeley

/s/ *Mitch Adams*

_____

Mitch Adams

# CONTENTS

The Parties and Their Counsel ............................................................. iii

Authorities ............................................................................................ vi

Statement Regarding Oral Argument .................................................. vii

Statement of Jurisdiction .................................................................... vii

Statement of the Case ........................................................................ vii

Statement of Procedural History ........................................................ viii

Grounds For Review .............................................................................. 1

Statement of Facts ................................................................................ 1

Argument ............................................................................................... 3

    Ground I. May Appellant's community supervision be revoked by the trial court based solely on allegations of failure to pay restitution, court costs, attorney's fees, supervision fees, a substance abuse evaluation fee, and a Crime Stoppers fee, where Appellant was found to be indigent and was represented by appointed counsel? ............................................. 3

Conclusion ............................................................................................. 6

Relief Sought ......................................................................................... 6

Certificate of Compliance ...................................................................... 7

Certificate of Service ............................................................................. 7

Appendix ................................................................................................ 8

    Tyler Court of appeals opinion
    *Dorsett v. State*, 2014 TEX. APP. (TEX. APP. --- TYLER
    MARCH 31, 2015, pet. filed) ........................................................... A-1

# AUTHORITIES

## CASES

*Mayer v. State,* 309 S.W.3d 552 (TEX. CRIM. APP. 2010) ........................3, 5

*Allen v. State,* 426 S.W.3d 253 (TEX. APP. -- TEXARKANA, 2013, no pet.) ....3

*Gipson v. State,* 383 S.W.3d 152 (TEX. CRIM. APP. 2012) ........................3-4

*Bearden v. Georgia,* 461 U.S. 660 (1983) ................................................4

*Rickels v. State,* 202 S.W.3d 759 (TEX. CRIM. APP. 2006)............ 4

## STATUTE

TEX. CODE CRIM. PROC. ART. 42.12 §21(c) (2011) ........................................4

## STATEMENT REGARDING ORAL ARGUMENT

Appellant William Grant Dorsett requests that this appeal not be presented on oral argument. The law is sufficiently settled, and as such, briefing would adequately suffice to aid this Court in its determination of this issue.

## STATEMENT OF JURISDICTION

This Court possesses jurisdiction under Texas Constitution Art. V, §§ 1, 5 and Tex. Gov't Code § 22.201, *et seq.*

## STATEMENT OF THE CASE

| | |
|---|---|
| **Nature of the case** | Prosecution for theft by deception, under Texas Penal Code § 31.03. |
| **District court** | Hon. Carter Tarrance, 173rd District Court, Henderson County |
| **Course and disposition of proceedings** | Mr. Dorsett pled guilty. *CR I:4-7.* The trial court placed Mr. Dorsett on deferred adjudication probation for a period of six years, *CR I:4-7.* The trial court amended the terms of his community supervision in May, 2013. *CR I:24-25.* The trial court adjudicated Mr. Dorsett's guilt and sentenced him to three years imprisonment after a contested hearing on September 10, 2013. |
| | Properly certified, *CR II:244*, Dorsett timely appealed. *CR II:233.* |
| | The Court of Appeals affirmed in a written unpublished opinion. |

# STATEMENT OF PROCEDURAL HISTORY

Date of court of appeals opinion    March 31, 2015
 *Dorsett v. State*, 2014 TEX. APP.
 (TEX. APP. --- TYLER
 MARCH 31, 2015, pet. filed)

## GROUNDS FOR REVIEW

I.    May Appellant's community supervision be revoked by the trial court based solely on allegations of failure to pay restitution, court costs, attorney's fees, supervision fees, a substance abuse evaluation fee, and a Crime Stoppers fee, where Appellant was found to be indigent and was represented by appointed counsel?

## STATEMENT OF FACTS

Appellant was sentenced to six years deferred adjudication probation on October 12, 2012, for theft by deception. In addition to an order to perform 360 hours of community service, Appellant was ordered to pay $33,290.00 in restitution, court costs, attorney's fees, supervision fees, a substance abuse evaluation fee, and a one-time fee to the Henderson County Crime Stoppers program.

The State filed a motion to adjudicate guilt in December, 2012, alleging seven violations of the terms and conditions of his community supervision. Appellant's community supervision was modified in May, 2013 to allow him to travel out of state for work. He was still ordered to pay the fees described in the above paragraph.

On September 20, 2013, at the conclusion of an evidentiary hearing, the trial court entered an order finding that Appellant violated several conditions of his community supervision, each of which is commonly

1

referred to as "technical violations", i.e., violations that do not involve a new offense. The trial court found it true that Appellant had failed to pay the ordered restitution. However, the court excused that condition based upon Appellant's inability to pay. The trial court also found that Appellant had the capacity to work and pay the fees and expenses listed in the State's motion to adjudicate, and that he had willfully not paid those expenses. The trial court adjudicated Appellant guilty and sentenced him to three years imprisonment.

At Appellant's contested hearing on the State's motion to adjudicate and revoke, and in his appeal to the Twelfth Court of Appeals, Appellant argued that he did not have the ability to pay the fees assessed as conditions of his community supervision, that the State did not prove that his failure to pay was willful, and that the trial court abused its discretion by adjudicating his guilt and revoking his community supervision.

## ARGUMENT

The 12th Court of Appeals' memorandum opinion affirming Appellant's conviction and three-year sentence is erroneous based on applicable case law regarding indigent defendants. Appellant was found by the trial court to be indigent and was represented by court appointed counsel from his indictment through his initial appeal. Appellant's financial status has not changed, that is to say, improved, from the time of the appointment of trial counsel until the date of his contested hearing on the State's motion to adjudicate and revoke on September 10, 2013.

When a defendant in a criminal proceeding is deemed indigent by the trial court, he is presumed to remain indigent unless there is evidence of a material change in his financial situation and circumstances. *Mayer v. State*, 309 S.W.3d 552, 557 (TEX. CRIM. APP. 2010); *Allen v. State*, 426 S.W.3d 253 (TEX. APP. – TEXARKANA, 2013, no pet.).

In a revocation proceeding based solely on a defendant's non-payment of court-ordered fines, court costs, supervision fees, restitution, and court-appointed attorney's fees, the trial court must "consider alternative measures of punishment other than imprisonment." *Gipson v.*

*State*, 383 S.W.3d 152, 157 (TEX. CRIM. APP. 2012), citing *Bearden v. Georgia*, 461 U.S. 660, 668—69, 103 S.CT. 2064 (1983).

Texas Code of Criminal Procedure Article 42.12 §21(c) states that a defendant's probation may not be revoked because of non-payment unless the State can show by a preponderance of the evidence that he was able to pay but did not. It is the State's burden at a revocation hearing to show that, specific to this case, Appellant's financial situation had changed, i.e., improved, such that he had the ability to pay. *Rickels v. State*, 202 S.W.3d 759, 763—64 (TEX. CRIM. APP. 2006). The record shows that Appellant's financial situation had not materially changed, i.e., improved, from the time of the initial appointment of counsel to the date of the contested hearing on the State's application to adjudicate and revoke. In fact, the record shows that Appellant's financial situation had deteriorated during that time.

Appellant testified at his hearing that he was living off of his investments when was appointed counsel due to his indigence and was placed on probation. RR III;58. His sale of those investments actually resulted in a financial loss. RR III:59. He was unable to secure employment during the time he was on probation. RR III:59. Appellant's sole source of income was his monthly Social Security check of about

4

$1500. Of that $1500, Appellant was left with $60 to $70 per month, after automatic deductions to pay down a bank debt. RR III:71. Appellant and his wife lived off her income of approximately $2400 per month. RR III:64. However, they ran a monthly deficit of $250 to $300 despite her income. RR III:65.

The State did an admirable job showing that Appellant did not have the financial means to pay the ordered costs, fees, and restitution. Its evidence also clearly established that Appellant's financial status was much worse at the time of his revocation hearing than when he was first appointed counsel due to his indigency. The State's evidence did not establish that Appellant had the ability to pay the ordered costs, fees, and restitution. Without such evidence, Appellant must be presumed to have still been indigent at the time of the hearing on September 10, 2013. *Mayer*, 309 S.W.3d at 557. Moreover, the evidence from Appellant's revocation hearing shows that his financial situation had not improved, and had in fact deteriorated, from the time the initial appointment of trial counsel to the date of the hearing on the State's motion to adjudicate and revoke. Consequently, the trial court abused its discretion in revoking Appellant's community supervision, and the 12th Court of Appeals erred in finding that

5

the evidence from the hearing led to a reasonable belief that Appellant was able but unwilling to pay the ordered costs and fees.

## CONCLUSION

The record shows that Appellant was indigent at the time counsel was appointed to represent him in this case, and that he remained so through the hearing on the State's motion to adjudicate and revoke his community supervision. His financial situation, coupled with his failing health, rendered him unable to pay the ordered costs and fees that were conditions of his community supervision. Accordingly, the trial court abused its discretion in revoking Appellant's community supervision and sentencing him to three years imprisonment. The 12th Court of Appeals erred in affirming the trial court's decision.

## RELIEF SOUGHT

Appellant seeks discretionary review followed by acquittal or new trial. Respectfully submitted this 29th day of July, 2015.

By: /s/ Mitch Adams

**MITCH ADAMS**
SBN: 24006737

Mitch Adams, Attorney at Law
216 West Erwin Street

6

Suite 350
Tyler, Texas 75702
(903) 630-7444
(866) 471-0147 (fax)
*e-mail:*
*mitchadams@mitchadamslaw.com*

Attorney for Appellant,
Mr. William Grant Dorsett

## CERTIFICATE OF COMPLIANCE

I certify that this document is written in 14-point font and contains 1972 words, according to the word count of the computer program used to prepare it, in compliance with Rule 9.4(i)(2).

/s/ Mitch Adams

_____

**Mitch Adams**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading has been delivered this 29th day of July, 2015 by e-file service to:

Henderson County District Attorney
109 West Corsicana Street, Suite 103
Athens, TX 75751

State Prosecuting Attorney
P. O. Box 13046
Austin, Texas 78711-3046

/s/ Mitch Adams

_____

**Mitch Adams**

# APPENDIX

Tyler Court of appeals opinion
*Dorsett v. State*, 2014 Tex. App. (Tex. App. --- Tyler
March 31, 2015, pet. filed) ................................................. A-1



**APPENDIX A-1**

# NO. 12-14-00027-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM GRANT DORSETT,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

William Grant Dorsett appeals his conviction for theft following the trial court's revocation of his deferred adjudication community supervision. The trial court sentenced Appellant to three years of imprisonment. In his sole issue, Appellant asserts the trial court abused its discretion by revoking his community supervision. We affirm.

## BACKGROUND

On October 9, 2012, Appellant pleaded guilty to the offense of theft by deception. The trial court accepted the plea, deferred adjudication, and placed Appellant on community supervision for six years. Among the terms of the community supervision are the requirements to pay restitution in the amount of $33,290.00, court costs, attorney's fees, supervision fees, a charge for a substance abuse evaluation, and a fee to the county Crime Stoppers program. The court also ordered Appellant to complete 360 hours of community service work but later waived this requirement due to Appellant's medical condition. In December 2012, the State moved to proceed to adjudication of guilt, naming in seven counts the conditions of community supervision that Appellant allegedly violated. In May 2013, the trial court entered an order amending the terms of Appellant's community supervision. He still was required to pay the

above named fees, although they were somewhat modified. However, the court allowed Appellant to travel out of state for work purposes.

On September 10, 2013, after an evidentiary hearing, the trial court found that Appellant had violated several conditions of his community supervision and adjudicated him guilty of theft by deception. The court found it true that Appellant failed to pay restitution but "excused" Appellant from having to fulfill that condition due to inability to pay. The court further found Appellant has the capability to work and pay the expenses in counts one through five and that Appellant had willfully not paid those expenses. After a sentencing hearing, the trial court sentenced Appellant to three years of imprisonment.

## ABILITY TO PAY

In his sole issue, Appellant contends that the trial court abused its discretion by revoking his community supervision. He argues that the evidence does not show he had the ability to pay the remedial financial obligations that he was required to pay as a condition of his community supervision. Therefore, his argument continues, the State did not prove that his failure to pay was willful.

### Applicable Law

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Abuse of discretion occurs only when the trial court's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). The trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. [Panel Op.] 1980).

In a community supervision revocation proceeding, the state has the burden of proving a violation of the terms of community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64. The state satisfies this standard when the greater weight of the credible evidence before the court, viewed in a light most favorable to the ruling, creates a reasonable belief that a condition of community supervision has been violated as alleged. *Rickels*, 202 S.W.3d at 764; *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). When the only violation of community supervision is the defendant's failure to pay compensation to appointed

2

counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2014).

<u>Analysis</u>

Kristin Biddy, Appellant's community supervision officer, testified that Appellant was delinquent in the amounts of $15.00 for a substance abuse evaluation, $200.00 for community supervision fees, $6.00 in court costs, $19.00 in attorney's fees, $50.00 for Crime Stoppers, and $565.00 in restitution. She stated that, before court that day, Appellant told her he had $40.00 with him but would not pay unless instructed by the judge or his attorney. She testified that Appellant has not made a bona fide effort to pay, explaining that he has not found work, but seems able to work.

On cross examination, Biddy testified that Appellant's previous attorney told him not to pay. She explained that Appellant receives a monthly Social Security check in the amount of $1,543.46. Payments for two loans totaling $1,462.59 are drafted from his bank account each month.

Steve Jeffus, Director of Henderson County Community Supervision and Corrections Department, testified that Appellant said he would pay restitution in full but only if he was placed on community supervision for a one year term. According to Jeffus, Appellant was told that he has a year to a year and a half to live, so Appellant was not concerned about paying restitution. On cross examination, Jeffus clarified that Appellant's sister-in-law agreed to pay the restitution upfront if the State dismissed the case or gave Appellant a year of community supervision and then dismissed the case. When Appellant was given six years of community supervision, the sister-in-law refused to pay. On redirect, he testified that he told Appellant he could possibly get an early discharge if he paid in full upfront. Jeffus explained that Appellant responded that he was not going to ask for that money because of his health issue.

Appellant testified in his own behalf, explaining that he has a GED and has looked for work, although he never filled out an application for employment. He has frequent doctor's appointments due to vision problems and leukemia. He also has diabetes and neuropathy. He explained that he disputed the amount of restitution he should have to pay and they never reached an agreement on an amount to pay upfront in order to dismiss the case. He said he has never been able to pay the restitution. He said he owes about $450,000.00 in debt and his only

3

income is the Social Security check of about $1,500.00 a month. He has about $60.00 to $70.00 left each month after the bank assesses fees and debits his account for the payments he owes. He explained that, at the time he was placed on community supervision he was "living off investments." He claimed to have had "about a million four in stocks" until the stock market "went down." The Internal Revenue Service claims he owes it $880,000.00. He testified that all of his assets are now gone. His wife brings home about $2,400.00 per month, and they live off that money. However, each month they have a $250.00 to $300.00 deficit. They rent a house from their daughter. The rent is $850.00, but if they don't have enough money for the month, they pay her $600.00 or $650.00. His daughter pays his cell phone bill. He pays $250.00 or $280.00 per month for medication. The Veteran's Administration provides some medication at no charge to him.

On cross examination, Appellant said he had between $40.00 and $50.00 on him. He admitted that he and his wife pay for cable television. He has paid $240.00 toward restitution and costs since July 8, 2013. He explained that he was going to pay the restitution if he could get it. His attorney told him that his community supervision could not be revoked if he did not pay it. He told Biddy that he did not have to pay because he could not be revoked if he did not pay. He offered to pay with his Social Security check once the "note comes off of the First State Bank," which will be in January or February. He did not have the money at the time he signed the plea papers and did not know where it was going to come from. The terms of the community supervision were modified to allow him to travel for work and he intended to get a job hauling silage and hay to Kansas. Due to his medical issues, he was unable to work. He testified that he never intended to say he would not pay the restitution. He reports to his community supervision officer and comes to court as required.

Pursuant to the original order placing Appellant on community supervision, Appellant was to pay a one-time fee of $50.00, a one-time fee of $15.00, and monthly fees totaling $57.00. These fees are in addition to the required restitution payment. Appellant testified that, at the time he was placed on community supervision, he was living off investments, yet two months later could not pay the required fees from those funds. After loan payments he was committed to paying, he had $80.87 remaining from his Social Security check each month, minus bank fees. He testified that, when necessary, he could pay up to $250.00 less for rent in any given month. He also indicated that he chose to dedicate money to pay for cable television instead of using that

4

money to pay fees required as terms of his community supervision. In spite of an existing order to pay, Appellant refused to make a payment on the day of the hearing on the State's motion to proceed to adjudication. Appellant was able to drive from his home in Greenville to see his community supervision officer and go to court in Henderson County, and see doctors in Dallas. Biddy testified that he seems able to work, while Appellant testified, without elaboration, that he could not work due to his medical issues. The trial court, who was entitled to accept or reject any or all of Appellant's testimony, could have determined that Appellant could have held a job. *See Naquin*, 607 S.W.2d at 586. Further, the trial court could have determined that Appellant had the ability to pay in light of the fact that his wife's salary paid their living expenses and he had some choice in how to allocate the admittedly small remainder of the money from his Social Security check.

Reviewing the record as a whole, we conclude the greater weight of credible evidence created a reasonable belief that Appellant was able to pay and did not pay the court ordered costs and fees. Therefore, the trial court did not abuse its discretion in revoking Appellant's community supervision. *See Rickels*, 202 S.W.3d at 763-64. We overrule Appellant's sole issue.

## DISPOSITION

Because the trial court did not abuse its discretion in revoking Appellant's community supervision, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 31, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## MARCH 31, 2015

## NO. 12-14-00027-CR

**WILLIAM GRANT DORSETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. B-19,825)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*