

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00222-CR

Steve Chavarria **RIVERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR4391
Honorable Joey Contreras, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: November 28, 2018

AFFIRMED

Steve Chavarria Rivera appeals the judgment revoking his community supervision and imposing sentence for felony driving while intoxicated.

In December 2014, the trial court found Rivera guilty of felony driving while intoxicated. The court sentenced Rivera in accordance with the terms of a plea bargain to four years in prison and a $1,500 fine. The court suspended imposition of the sentence of confinement and placed Rivera on community supervision for a period of four years.

In January 2018, the State filed a motion to revoke Rivera's community supervision, alleging he had committed the offenses of harassment and making terroristic threats and had failed to pay all of the mandatory supervision fees then due. Rivera pled not true to the allegations and the motion was heard by the court. The trial court found Rivera committed the alleged offenses, revoked his community supervision, fined him $1,500, and sentenced him to three years in prison.

On appeal, Rivera argues the evidence is factually insufficient to support the trial court's findings. However, we review revocation proceedings for abuse of discretion, not under a traditional factual sufficiency standard. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). "[A]n order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). At a revocation hearing, the trial court determines the credibility of the witnesses and the weight, if any, to be given their testimony. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980). If the State proves a violation of the conditions of community supervision by a preponderance of the evidence, the trial court has discretion to revoke community supervision and impose sentence. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). "On appeal from a trial court's decision to revoke, therefore, appellate courts review the record only to ensure that the trial court did not abuse its discretion." *Id*.

The motion to revoke alleged Rivera committed the offenses of Harassment and Terroristic Threat. *See* TEX. PENAL Code §§ 22.07, 42.07. Rivera's ex-wife, Angelica, testified Rivera began his harassing conduct in 2017, when she began dating someone else. She testified he began calling her repeatedly, and when she stopped answering her telephone, he began texting her. On January 10, 2018, she called the police and filed a harassment report against Rivera. Several weeks later, Angelica again called police, complaining that Rivera was threatening her. She testified that Rivera

had threatened, on the telephone and by text, to kill her, to "put her six feet under," and to kill a Child Protective Services caseworker who was investigating a complaint regarding one of their children. According to Angelica, Rivera told her "to watch her brake lines" and that her "sons are better off without a mother." The San Antonio Police Department officer who responded to the call testified that Angelica received a call she said was from Rivera while the officer was at her home.

Angelica testified the calls and texts made her "upset, angry, and scared." At the time of the hearing, she believed Rivera has the ability to follow through with his threats and fears he actually would. Angelica testified she had taken her telephone to the San Antonio Police Department in January or February and gave it to a detective, who downloaded all of her text messages. She testified she did not record any of the threatening calls and did not have the text messages saved on her telephone at the time of the hearing.

Rivera testified he and Angelica had gone their separate ways when she became involved in a serious relationship with someone else. He testified he was not upset about that; however, then Angelica started interfering with his visitation with their sons. He testified Angelica had lied to police and in court about the status of the visitation order and of the Child Protective Services investigation. He denied having ever threatened Angelica or having made harassing or repeated telephone calls or texts.

At the conclusion of the hearing, the trial court found Angelica "was very convincing" and the State had proved by a preponderance of the evidence that Rivera had committed the offenses of harassment and making a terroristic threat.

On appeal, Rivera does not argue the State failed to present evidence to prove each essential element of the offenses. Rather, he contends the State's evidence was not credible. He argues the trial court should not have believed Angelica's testimony because the record showed Angelica was

not credible and because the State failed to produce any corroborating evidence about the number or substance of the alleged texts and telephone calls.

The trial court was the sole judge of the credibility of the witnesses and of the weight to give their testimony. *Naquin*, 687 S.W.2d at 586. The court acted within its discretion to believe Angelica, and her testimony was sufficient to establish a violation of the conditions of Rivera's community supervision by a preponderance of the evidence. Accordingly, the trial court had discretion to revoke Rivera's community supervision and impose sentence. *See Leonard*, 385 S.W.3d at 576. We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH